**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| **IN RE: TERRORIST ATTACKS ON** | : | **Civil Action No.** |
| **SEPTEMBER 11, 2001** | : | **03 MDL 1570 (GBD) (SN)** |
| | : | |
| | : | |

_____

**This document applies to:**

**<u>Ray, *et al*. v. Islamic Republic of Iran, *et al*.,</u>
1:19-cv-00012 (GBD)(SN)**

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND
<u>AMENDED COMPLAINT AND REQUEST FOR EXPEDITED CONSIDERATION</u>**

The *Ray* Plaintiffs, through counsel, hereby respectfully submit this Memorandum of Law

in Support of Plaintiffs' Motion for Leave to File Second Amended Complaint and Request for

Expedited Consideration.

**I.    <u>STATEMENT OF FACTS</u>**

This is the third lawsuit filed by the undersigned counsel that seeks to hold the Islamic

Republic of Iran accountable for providing direct and material support to al-Qaeda in carrying out

the terrorist attacks of September 11, 2001.  The first two actions, *Havlish, et al. v bin Laden, et*

*al.*, 1:03-cv-09848, and *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-07550, resulted

in entries of judgment by this Court as to both liability and damages in favor of the *Havlish* and

*Hoglan* Plaintiffs and against the Islamic Republic of Iran and fifteen (15) of Iran's political

subdivisions, and agencies and instrumentalities (collectively, the "Iranian Defendants").

The *Ray* Plaintiffs are additional members of those families that participated in the *Havlish*

and *Hoglan* cases, or families that contacted undersigned counsel following entry of the *Hoglan*

judgment.  The instant action was commenced by way of Complaint filed on January 2, 2019.  An Amended Complaint was subsequently filed on January 31, 2019, in order to correct the designations of two of the Iranian Defendants.  Plaintiffs used this first amendment as of right so as to not bother the Court with a request to approve a simple technical correction at that time.

Plaintiffs now seek to file the Second Amended Complaint, attached to the Motion as Exhibit A, primarily because of an administrative error.  In the original Complaint and Amended Complaint filed, counsel should have included a claim named as follows: *Joanne Mistrulli as Personal Representative of the Estate of Frank Mistrulli, Deceased, a surviving Sibling of Joseph D. Mistrulli*.  Members of the Mistrulli family are named in three actions filed in this multidistrict litigation: the *Hoglan* case, and two other cases filed by another law firm.  In filing *Ray*, Plaintiffs' counsel has been mindful of this Court's order directing counsel to avoid naming any plaintiffs in newly filed actions that overlapped with the plaintiffs in other cases.  Counsel for the Plaintiffs herein endeavored to heed that directive carefully.  However, counsel herein mistakenly believed that the Personal Representative of the Estate of Frank Mistrulli, Deceased, a surviving sibling of a 9/11 decedent, who had sought counsel's representation for this case, was already represented by other counsel and that an action had already been filed in this Court on behalf of that estate. Counsel subsequently realized that this particular claim was not filed in any other case and therefore seek to add the claim to this case.

Secondarily, Plaintiffs also seek to add eight (8) additional Plaintiffs who contacted the undersigned attorneys after the instant action was commenced and seek to be a part of this litigation, as follows:  Rich DeBlase, as Personal Representative of the Estate of James V. DeBlase, a 9/11 Decedent, and also in his own right Individually as a Sibling of James V. DeBlase; Anita DeBlase; Anthony DeBlase; Vito Garfi, as Personal Representative of the Estate of Francesco

2

Garfi, a 9/11 Decedent, and also in his own right Individually as a Sibling of Francesco Garfi; Salvatore Garfi; and Marianna Garfi.

No other changes to the Amended Complaint are being sought.

This action was originally commenced on January 2, 2019, and the Clerk of Court subsequently issued a Summons for each of the Iranian Defendants. However, counsel has yet to serve upon Defendants the governing pleading and summons and related papers in this case because counsel awaits a shipping license from the United States Department of Treasury's Office of Foreign Assets Control ("OFAC") that is necessary to send the required documents to the Iranian Defendants in Tehran via DHL, to be dispatched by the Clerk of Court pursuant to 28 U.S.C. §1608(a)(3) and §1608 (b)(3)(B). Because the *Ray* Plaintiffs' request to OFAC is still pending, counsel submits that the most efficient course of action to conserve resources of the Court and the parties is to bring the eight (8) aforementioned claims by amending the *Ray* complaint. Filing a new, separate action to bring these claims before the Court would add another case to the MDL docket and force counsel to incur approximately $75,000 in costs for service of a new action, and any resulting judgment, via the U.S. Department of State upon the sixteen (16) Iranian Defendants.

The *Ray* Plaintiffs respectfully request that the instant Motion be considered on an expedited basis because counsel is otherwise ready to serve the sixteen (16) Iranian Defendants once the shipping license from OFAC is granted. Additionally, Counsel intends to seek a judgment for the *Ray* Plaintiffs in time to meet the anticipated 2019 application deadline for a 2020 payment from the Unites States Victims of State Sponsored Terrorism Fund.

## II.    LEGAL ARGUMENT

Rule 15(2), Fed.R.Civ.P., allows Plaintiffs to file a second amended complaint with leave

of this Court.  The Rule further provides that the Court "should freely give leave when justice so requires."  Justice would be served by granting this Motion.  Without leave, the claimants who seek to become a party to this action would have to file a separate lawsuit under 28 U.S.C. §1605A to assert their rights, rather than joining the instant suit which is already pending in this Court and has not proceeded beyond the initial filing.  Thus, a grant of this Motion would conserve both judicial and the parties' resources.

Defendants will suffer no prejudice as a result of the filing of the proposed Second Amended Complaint and its relation back to the filing of the original Complaint on January 2, 2019.  Neither the Islamic Republic of Iran, nor any of its political subdivisions, nor any of its agencies and instrumentalities named herein, have ever appeared in any case that is part of this MDL, nor have any of them ever appeared in any other U.S. court in any of the many liability lawsuits brought against Iran under the state sponsor of terrorism exception to the Foreign Sovereign Immunities Act since its enactment in 1996.  See In re Islamic Republic of Iran Terrorism Litig., 659 F.Supp.2d 31, 85 (D.D.C. 2009) (Lamberth, C.J.) (observing "the notion" that Iran might appear to defend an action brought under the state sponsor of terrorism exception to sovereign immunity "is almost laughable because that nation has never appeared in any of the terrorism actions that have been litigated against it in this Court.")  See also Heiser v. Islamic Republic of Iran, 00-cv-2329 (D.D.C. Aug. 10, 2011) (Lamberth, C.J.) (denying a motion by private U.S. telecommunications company to interplead Iran in an execution proceeding against funds owed by telecommunications company to Iran, holding that "this action has been proceeding for almost a decade, yet in all this time Iran has not appeared to account for its role in the horrific bombing of the Khobar Towers residential complex.  This choice was made despite both exposure

4

to more than $500 million in damages and evidence that Iran is perfectly capable of appearing when it wishes.").

Even if one would assume, for argument's sake, that the Defendants did answer the complaint, it is the Defendants that have the burden of asserting and proving that the filing and relation back of an amended pleading would be futile or inappropriate. *Velez v. Fogarty*, 2008 WL 5062601 (S.D.N.Y.).

## III.    CONCLUSION

For the reasons stated above, the *Ray* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING this Motion for Leave to File Second Amended Complaint and Request for Expedited Consideration.

Respectfully submitted,

Date:  April 26, 2019                                   _____/s/_____

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1211 Connecticut Avenue, N.W.
Suite 420
Washington, D.C. 20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS *(Lead Counsel)*
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
3905 Vincennes Road #303
Indianapolis, IN 46268
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
FOOTE, MIELKE, CHAVEZ
& O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
(630) 232-7450

*Attorneys for all of the Ray Plaintiffs*

and

Robert A. O'Hare Jr. (New York Bar No. 2601359)
Andrew C. Levitt (New York Bar No. 2734465)
O'HARE PARNAGIAN LLP
82 Wall Street, Suite 300
New York, NY 10005
(212) 425-1401

*Co-Counsel for Plaintiffs Anthony Behette; Harley DiNardo; Ester DiNardo; Pio DiNardo; Andrew Economos, Individually; Andrew Economos, as Co-Executor of the Estate of Leon Economos; Olga Valinotti, Individually; Olga Valinotti, as Co-Executor of the Estate of Leon Economos; Constance Finnicum; George Gabrielle a/k/a Gabe Gabrielle; Mary Ellen Murach, Individually; Mary Ellen Murach, as Executor of the Estate of Edward John Murach; Richard J. Murach; and Katharine Tynion*

6

## CERIFICATE OF SERVICE

I, Timothy B. Fleming, hereby certify that on the date listed below that I electronically filed the foregoing document with the Clerk of Court via the CM/ECF system and that electronic notice and service will be completed through the ECF system.

Respectfully submitted,

 /s/ Timothy B. Fleming
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1211 Connecticut Avenue, N.W.
Suite 420
Washington, D.C. 20036
(202) 467.4489

Date:  April 26, 2019