**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
:
: **MOTION TO ADMIT**
: **RELATED CASE EVIDENCE**
:
: 1:**03 MDL 1570 (GBD)(SN)**
:
:
------------------------------------------------------------------X

**This Document Relates to**
*Ray, et al. v. Iran, et al.*
**1:19-cv-00012 (GBD)(SN)**

      The *Ray* Plaintiffs, through counsel, hereby respectfully submit this Motion to Admit Related Case Evidence in the interest of justice, and in support thereof, aver the following:

      1.      The *Ray* Plaintiffs in the instant action are either Personal Representatives of the Estates, or family members <u>or Personal Representatives of the Estates of family members</u>, of Decedents who were murdered as a result of the terrorist attacks against the United States on September 11, 2001. This action under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1602, *et seq.*, seeks to hold accountable the Defendants, the Islamic Republic of Iran and fifteen (15) of its political subdivisions, agencies and instrumentalities for providing direct and material support to al Qaeda in carrying out the attacks.

      2.      *Ray, et al. v. Iran, et al.*, is related to *Havlish, et al. v. bin Laden*, *et al*, 03 Civ. 9848 (GBD)(FM), 03 MDL 1570 (GBD)(FM), and *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11 Civ. 7550 (GBD)(SN). All three are member cases of this MDL.

      3.      In *Havlish*, the Plaintiffs presented, and this Court received in evidence, a large volume of evidence pertaining to the liability of the Islamic Republic of Iran and the other

Defendants, which include fifteen (15) of Iran's political subdivisions, high office holders, and agencies and instrumentalities, for the September 11, 2001 terrorist attacks upon America. That evidence included, *inter alia*: approximately thirty (30) hours of videotaped testimony of three defectors from Iran's intelligence apparatus, two of whom provided documentation regarding their knowledge of Iran's direct and material involvement with the planning, preparation for, and assistance to the al Qaeda hijackers, as well as Iran's and Hezbollah's direct and material assistance to al Qaeda in the aftermath of 9/11, and the first president of the Islamic Republic of Iran; sworn affidavits from ten (10) experts on relevant matters including the September 11, 2001 terrorist attacks, Iran and its government, history, and Iran's intelligence and terrorism apparatus, and its relationship with Hezbollah (including three prominent staff members of the 9/11 Commission, the most widely acknowledged expert on Iran and its governmental structure and economy, two former CIA analysts, two top investigative journalists, one of which was directly involved in the investigation of this case, Europe's former top terrorism prosecutor, and a former head of U.S. Interpol); and numerous U.S. Government reports and bulletins regarding 9/11. Additionally, as described below, the Plaintiffs presented, and the Court received in evidence, a large volume of damages evidence, including evidence supporting the pain and suffering damages of the 9/11 decedent Plaintiffs, and evidence supporting the solatium damages for the emotional trauma of the immediate family member Plaintiffs, including an upward departure from other terrorism cases for such solatium awards to 9/11 family members.

4.     Upon this record, only partially and summarily described herein, including the sealed sworn testimony and documents of the three defector witnesses, the Court held that the Plaintiffs had presented "evidence satisfactory to the court," establishing their right to relief under the FSIA. 28 U.S.C. §1608(e). *Havlish* Doc. No. 294, at pp. 49, 50.

5. Further, the Court entered fifty-three (53) pages of Findings of Fact and Conclusions of Law setting forth the basis for its holding. *Havlish* Doc. No. 294. Because the three defectors' testimony was sealed for the protection of the witnesses (and remains so), the Findings did not directly address the specifics of the defectors' testimony, except to the extent that one of the defector witnesses authorized Plaintiffs' counsel to discuss his testimony in open court. However, the Court specifically cited the three defectors' testimony prominently in the Court's description of the record evidence that the Court had received and relied upon.

6. In *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11 Civ. 7550 (GBD)(SN), this Court also held an evidentiary hearing in open court, on August 17, 2015. The same evidence with respect to the liability of the Iranian Defendants in providing direct and material aid and support to al Qaeda in planning, preparing for, and carrying out the 9/11 attacks, and direct and material aid and support to al Qaeda in the aftermath of 9/11, was presented at the *Hoglan* evidentiary hearing, including all of the evidence previously presented and admitted in the liability phase of *Havlish*. During this hearing in open court, the Court admitted into evidence in *Hoglan* all the *Havlish* evidence, as well as certain updated evidence from the United States State Department's "Country Reports" pertaining to Iran.

7. In *Hoglan*, upon this evidentiary record, the Court held that the Plaintiffs had presented "evidence satisfactory to the court" to establish their right to relief under 28 U.S.C. §1608(e). MDL Doc. No. 3019, at pp. 55, 56. On August 31, 2015, the Court adopted for the record in *Hoglan* all of the *Havlish* Findings of Fact and Conclusions of Law, changing only certain passages in the Conclusions of Law relating specifically to the <u>Hoglan</u> case procedural history. MDL Doc. No. 3019.

8. Further, upon the *Hoglan* Plaintiffs' motion, *Hoglan* Doc. No. 153, this Court issued an order on April 16, 2016, admitting into evidence in *Hoglan* certain damages evidence from *Havlish*, including an expert report pertaining to the terrible pain and suffering of 9/11 decedents and plaintiffs' declarations attesting to the extraordinary nature of the immediate family member plaintiffs' severe emotional distress that supported the solatium awards. *Hoglan* Doc. No. 162.

9. In litigation pursuant to the state sponsor of terrorism exception to the FSIA, it is not uncommon for multiple lawsuits, as has occurred here, to arise from a single terrorist attack. Consequently, when multiple, related actions arising out of the same terrorist attack are brought pursuant to the state sponsor of terrorism exception to the FSIA, a court "may take judicial notice of related proceedings and records in cases before the same court." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52 (D.D.C. 2010) *quoting Brewer v. Islamic Republic of Iran*, 664 F.Supp.2d 43 (D.D.C. 2009).

10. The FSIA does not require a court to re-litigate issues that have already been settled in previous decisions. *Brewer*, 664 F.Supp.2d at 54. "Instead, the Court may review evidence considered in an opinion that is judicially noticed, without necessitating the representment of such evidence." *Valore*, 700 F.Supp.2d at 60 *quoting Heiser v. Islamic Republic of Iran*, 466 F.Supp.2d 229, 264 (D.D.C. 2006).

11. The *Ray* Plaintiffs respectfully move into evidence, for consideration by this Court under the 28 U.S.C. §1608(e) standard, all the liability evidence admitted in and previously considered by the Court during liability phases of *Havlish, et al. v. bin Laden, et al.*, and *Hoglan, et al. v. Islamic Republic of Iran, et al.*, and the generally applicable damages evidence in *Havlish* and *Hoglan*, specifically the expert damages report of Alberto Diaz, Jr.,

M.D., RADM MC USN (Ret.), which describes in detail the psychological and physiological horrors suffered by the 9/11 Decedents in their last hours and minutes, and the enduring trauma suffered by their surviving loved ones, and the curriculum vitae of Alberto Diaz, Jr., M.D., RADM MC USN (Ret.), which establishes the qualifications and credentials that enable Dr. Diaz to assist the finder of fact in determining damages.

12. The *Ray* Plaintiffs do not submit a memorandum of law and instead rely on the averments of the instant Motion.

**WHEREFORE**, the *Ray* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the foregoing Motion to Admit Related Case Evidence and enter into evidence in this case all liability evidence and generally applicable damages evidence from *Havlish, et al. v. bin Laden, et al.* and *Hoglan, et al. v. Islamic Republic of Iran, et al.*, so that such evidence may be properly considered in assessing whether the Plaintiffs in *Ray, et al. v. Iran, et al.* have presented "evidence satisfactory to the court" to establish their right to relief under 28 U.S.C. §1608(e).

                                              Respectfully submitted,

Date:   February 13, 2020                /s/ Timothy B. Fleming_____

                                          Timothy B. Fleming (DC Bar No. 351114)
                                          WIGGINS CHILDS PANTAZIS
                                          FISHER GOLDFARB PLLC
                                          1211 Connecticut Avenue, N.W.
                                          Suite 420
                                          Washington, D.C.  20036
                                          (202) 467-4489

                                          Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
                                          WIGGINS CHILDS PANTAZIS *(Lead Counsel)*
                                          FISHER GOLDFARB LLC
                                          The Kress Building
                                          301 19th Street North
                                          Birmingham, AL   35203

(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
3905 Vincennes Road #303
Indianapolis, IN 46268
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
FOOTE, MIELKE, CHAVEZ
& O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
(630) 232-7450

*Attorneys for all of the* Ray *Plaintiffs*

and

Robert A. O'Hare Jr. (New York Bar No. 2601359)
Andrew C. Levitt (New York Bar No. 2734465)
O'HARE PARNAGIAN LLP
82 Wall Street, Suite 300
New York, NY 10005
(212) 425-1401

*Co-Counsel for Plaintiffs Anthony Behette; Harley DiNardo; Harley DiNardo as Personal Representative for the Estate of Esterina DiNardo a/k/a Ester DiNardo, Deceased; Pio DiNardo; Andrew Economos, Individually; Andrew Economos, as Co-Executor of the Estate of Leon Economos; Olga Valinotti, Individually; Olga Valinotti, as Co-Executor of the Estate of Leon Economos; Constance Finnicum; George Gabrielle a/k/a Gabe Gabrielle; Mary Ellen Murach, Individually; Mary Ellen Murach, as Executor of the Estate of Edward John Murach; Richard J. Murach; and Katharine Tynion*