**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
:
:
:   1:03 MDL 1570 (GBD)(SN)
:
:
-------------------------------------------------------------------X

**This Document Relates to:**
*Ray, et al. v. Iran, et al.*
**1:19-cv-00012 (GBD)(SN)**

### PLAINTIFFS' NOTICE OF MOTION FOR ENTRY OF PARTIAL FINAL DEFAULT JUDGMENT ON BEHALF OF *RAY* PLAINTIFFS

PLEASE TAKE NOTICE that upon the accompanying declaration of Timothy B. Fleming, Esquire (hereinafter, the "Fleming Declaration") with exhibits, and the accompanying memorandum of law, *Ray* Plaintiffs Aaron Adler, Alice Doerge Adler, Alice Doerge Adler (as Personal Representative of the Estate of Lee Alan Adler, Deceased), Isabell Dansiger Adler, Jay Adler, Cherrie L. Allen, Theresa Cooke, Anita DeBlase, Anthony DeBlase, Richard DeBlase, Harley DiNardo, Harley DiNardo (as Personal Representative of the Estate of Esterina DiNardo, a/k/a Ester DiNardo, Deceased, surviving Parent of Marisa-DiNardo-Schorpp), Pio DiNardo, Andrew Economos, Andrew Economos (as co-Personal Representative of the Estate of Leon Economos, Deceased, a surviving Parent of Constantine Economos), Irma Joyce Fletcher, Irma Joyce Fletcher (as Personal Representative of the Estate of Earl Ray, Deceased, a surviving Sibling of Denease Conley), Marianna Garfi, Salvatore Garfi, Vito Garfi, Vito Garfi (as Personal Representative of the Estate of Francesco Garfi, Deceased), Hank Grazioso (surviving Parent of John Grazioso), Hank Grazioso (as surviving Parent of Timmy Grazioso), Michelle Hargis, Barbara Haynes-Jenkins, Christine Homer, Christine Homer (as Personal Representative of the

Estate of Thomas Freimark, Deceased, surviving Sibling of LeRoy W. Homer, Jr.), Ilse Homer, Monique Homer, Marilyn Johnson, Andrew Brian Jordan, Jr., Rina Kauffman, David Lebor, Lauren Sarah Adler Martinelli, Patricia Mason, Danielle McGuire, Danielle McGuire (as the Personal Representative of the Estate of Patrick McGuire, Deceased), Mara McGuire, Ryan McGuire, Sean McGuire, Shea McGuire, AnneMarie Medaglia, Diana Medaglia, MaryEllen Medaglia, Elizabeth Medaglia-Cordes (as Personal Representative of the Estate of Rocco Medaglia, Deceased), Elizabeth Medaglia-Cordes, Kathleen Medaglia-Dellapenna, Michael Medgalia, Joanne Mistrulli (as Personal Representative of the Estate Frank Mistrulli, surviving sibling of Joseph D. Mistrulli), Mary Ellen Murach, Mary Ellen Murach (as Personal Representative of the Estate of Edward John Murach, Deceased, a surviving Parent of Robert M. Murach), Richard J. Murach, Dale Allen Nacke (as Personal Representative of the Estate of Philomena Millace Nacke, Deceased, a surviving Parent of Louis J. Nacke), Dale Allen Nacke (as Personal Representative of the Estate of Louis P. Nacke, Deceased, a surviving Parent of Louis J. Nacke), Dale Allen Nacke, Joseph Nicholas Nacke, Kenneth Nacke, Paula Nacke Jacobs, Louis Paul Nacke, II, Thomas Papasso, Herman Ray (as Personal Representative of the Estate of James Ray, Deceased, a surviving Sibling of Denease Conley), Herman Ray (as Personal Representative of the Estate of Denease Conley, Deceased), Herman Ray, Stanley Ray, Katharine Tynion, Olga Valinotti (as co-Personal Representative of the Estate of Leon Economos, Deceased, a surviving Parent of Constantine Economos), Olga Valinotti, Cheryl Homer Wilson, and Germaine Wilson respectfully move this Honorable Court for an Order entering Partial Final Default Judgment against the following Defendants in this case:

    (1) Islamic Republic of Iran;

    (2) Iran's Ministry of Information and Security;

(3) Islamic Revolutionary Guard Corps;

(4) Iran's Ministry of Petroleum;

(5) Iran's Ministry of Economic Affairs and Finance;

(6) Iran's Ministry of Commerce;

(7) Iran's Ministry of Defense and Armed Forces Logistics; and,

(8) Central Bank of the Islamic Republic of Iran.

The *Ray* Plaintiffs perfected service of the Second Amended Complaint on the above-listed Iranian nation-state and political subdivision Defendants in accordance with the FSIA. Service of process was fully detailed in an Affidavit of Service by counsel, and exhibits thereto, filed on February 7, 2020. *Ray* Doc. Nos. 204 and 204-1 through 204-8. The above-listed Iranian Defendants that have been served were afforded more than sixty-eight (68) days to respond to the Second Amended Complaint and Amended Summonses and all have failed to enter an appearance in this Court. None has filed any responsive pleading to the Second Amended Complaint as required by §1608(d) of the FSIA. *See* 28 U.S.C. §1608(d).

Pursuant to Local Civil Rule 55.1, upon Plaintiffs' filing of a proposed Clerk's Certificate of Default and an Application for Entry of Clerk's Certificate of Default on February 11, 2020, *Ray* Doc. Nos. 207 and 207-1, supported by another Affidavit in Support thereof by Plaintiffs' counsel, *Ray* Doc. No. 208, the Clerk of this Court entered a Certificate of Default on February 12, 2020. *Ray* Doc. No. 209.

The *Ray* Plaintiffs have met their burden under the Foreign Sovereign Immunities Act, 28 U.S.C. §1608(e), to establish by "evidence satisfactory to the court" their right to the relief sought in this case. Evidence firmly establishing the culpability of the Iranian Defendants with respect to the terrorist attacks of September 11, 2001, was gathered during a ten-year

investigation by the plaintiffs in the related case, *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848 (GBD)(FM).  This evidence was received, aired at a full evidentiary hearing in open court on December 15, 2011, and was considered and held to be satisfactory pursuant to 28 U.S.C. §1608(e) by this Honorable Court in *Havlish, et al. v. bin Laden, et al*.  In a second related case, *Hoglan, et al. v. Islamic Republic of Iran, et al.,* 11 Civ. 7550 (GBD)(SN), the exact same evidence, plus a small amount of evidence supplementing the liability evidence, was again presented in open court in a full evidentiary hearing on August 17, 2015, admitted into evidence by the Court, again considered and held to be satisfactory to the Court pursuant to 28 U.S.C. §1608(e).  This evidence thus formed the evidentiary basis for both the *Havlish* and *Hoglan* judgments, both cases to which *Ray* is related, as well as myriad additional cases in this MDL that have proceeded to judgment.

The *Ray* Plaintiffs have moved separately for this Honorable Court to admit the same evidence that was admitted in *Havlish* and in *Hoglan.  Ray* Doc. No. 211.  Further, Plaintiffs, ask this Court to take judicial notice of the *Havlish* and *Hoglan* Findings of Fact and Conclusions of Law, and to enter substantially the same Findings of Fact and Conclusions of Law pertaining to the liability of the eight (8) Iranian nation-state and political subdivision Defendants in *Ray*. Such proposed Findings of Fact and Conclusions of Law for *Ray* have been filed with the Court separately.  *Ray* Doc. No. 214.

Based upon all of the above, the above-listed *Ray* Plaintiffs hereby move for Default Judgment in amounts consistent with the judgments that this Court has awarded to Plaintiffs in the related cases of *Havlish, et al. v. bin Laden, et al.,* 1:03 Civ. 09848 (GBD)(FM) and in *Hoglan, et al, v. Iran, et al*., 1:11 Civ. 7550 (GBD)(SN), and in numerous other following cases in this MDL.  Those requested damages award amounts are specifically as follows:

(1) for *Ray* Plaintiffs who are immediate family members, *i.e.*, spouses, parents, children, and siblings, or the estate of same) of one or more 9/11 decedents, as listed in Exhibit A hereto, and attached to the accompanying Declaration of Timothy B. Fleming, Esquire, solatium compensatory damages of:

    a. $12,000,000 for each Plaintiff that is a surviving spouse of a 9/11 decedent;

    b. $8,5000,000 for each Plaintiff that is a parent of a 9/11 decedent;

    c. $8,500,000 for each Plaintiff that is a child of a 9/11 decedent; and

    d. $4,250,000 for each Plaintiff that is a surviving sibling of a 9/11 decedent.

(2) for *Ray* Plaintiffs that are Personal Representatives of the Estates of 9/11 Decedent Plaintiffs, as listed in Exhibit B hereto, and attached to the accompanying Declaration of Timothy B. Fleming, Esquire, compensatory damages for pain and suffering in the amount of $2,000,000 per estate, which is the same amount previously awarded by this Court to the estates of decedents killed in the terrorist attacks on September 11, 2001;

(3) for all moving *Ray* Plaintiffs, prejudgment interest on compensatory damages at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of judgment.

The immediate family member Plaintiffs listed on Exhibit A to the Fleming Declaration further seek the Court's permission to seek punitive damages at a future date. The 9/11 decedent estate Plaintiffs listed on Exhibit B to the Fleming Declaration further seek the Court's permission to submit economic damages based upon, *inter alia*, submission of economic damages expert analysis, and the Plaintiffs on both Exhibit A and Exhibit B seek the Court's permission to request punitive damages at a future date.

Respectfully submitted,

Date:   February 14, 2020         /s/ Timothy B. Fleming_____
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1211 Connecticut Avenue, N.W.
Suite 420
Washington, D.C.  20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS *(Lead Counsel)*
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL   35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
3905 Vincennes Road #303
Indianapolis, IN  46268
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
FOOTE, MIELKE, CHAVEZ
& O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

*Attorneys for all of the* Ray *Plaintiffs*

and

Robert A. O'Hare Jr. (New York Bar No. 2601359)
Andrew C. Levitt (New York Bar No. 2734465)

O'HARE PARNAGIAN LLP
82 Wall Street, Suite 300
New York, NY 10005
(212) 425-1401

*Co-Counsel for Plaintiffs Anthony Behette; Harley DiNardo; Harley DiNardo as Personal Representative for the Estate of Esterina DiNardo a/k/a Ester DiNardo, Deceased; Pio DiNardo; Andrew Economos, Individually; Andrew Economos, as Co-Executor of the Estate of Leon Economos; Olga Valinotti, Individually; Olga Valinotti, as Co-Executor of the Estate of Leon Economos; Constance Finnicum; George Gabrielle a/k/a Gabe Gabrielle; Mary Ellen Murach, Individually; Mary Ellen Murach, as Executor of the Estate of Edward John Murach; Richard J. Murach; and Katharine Tynion*