**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
:
:
:   1:03 MDL 1570 (GBD)(SN)
:
:
-------------------------------------------------------------------X
**This Document Relates to:**
<u>Ray, et al. v. Iran, et al.</u>
**1:19-cv-00012 (GBD)(SN)**

### [*PROPOSED*] ORDER OF PARTIAL FINAL DEFAULT JUDGMENT ON COMPENSATORY DAMAGES ON BEHALF OF RAY PLAINTIFFS

Upon consideration of the evidence and arguments submitted by the *Ray* Plaintiffs, identified in **EXHIBITS A** and **B** to this Order, who are each a spouse, parent, child, or sibling (or the personal representative of an estate of a spouse, parent, child, or sibling) of a victim killed in the terrorist attacks on September 11, 2001 (as identified on **EXHIBIT A**), or the personal representative of an estate of an individual who was killed in the terrorist attacks on September 11, 2001 (as identified on **EXHIBIT B**),

**WHEREAS,** on August 28, 2019, the Second Amended Complaint, the Summons, and the Notice of Suit, and related documents, in English and all translated into Farsi, in the above-captioned case were served on all of the below listed Defendants (hereafter, the "Iran nation-state and political subdivision Defendants") by mail in accordance with 28 U.S.C. §1608(a)(3):

1. The Islamic Republic of Iran;
2. Iran's Ministry of Information and Security
3. Islamic Revolutionary Guard Corps;
4. Iran's Ministry of Petroleum;
5. Iran's Ministry of Commerce;

      6. Iran's Ministry of Economic Affairs and Finance;

      7. Iran's Ministry of Defense and Armed Forces Logistics;

      8. The Central Bank of Iran;

**WHEREAS**, on August 28, 2019, the Clerk of this Court entered onto the Court's docket (Doc. Nos. 5004-5012) the Clerk's certification of the Court's mailing of the Second Amended Complaint, the Summons, and the Notice of Suit, and related documents, in English and all translated into Farsi, in the above-captioned case to the Foreign Ministry of the Islamic Republic of Iran for all of the above-listed Defendants in accordance with 28 U.S.C. §1608(a)(3); and

**WHEREAS**, the Clerk of this Court's mailing of the Second Amended Complaint, the Summons, and the Notice of Suit, and related documents, in English and all translated into Farsi, in the above-captioned case to the Foreign Ministry of the Islamic Republic of Iran for all of the above-listed Defendants in accordance with 28 U.S.C. §1608(a)(3) were all refused by the addressee or his agent and returned to Plaintiffs' counsel; and

**WHEREAS**, the Second Amended Complaint, the Summons, and the Notice of Suit, and related documents, in English and all translated into Farsi, in the above-captioned case were also served by diplomatic process upon on the Foreign Ministry of the Islamic Republic of Iran for all of the above-listed Defendants in accordance with 28 U.S.C. §1608(a)(4) on December 4, 2019;

**WHEREAS**, the Foreign Ministry of the Islamic Republic of Iran, on behalf of all of the above-listed Defendants, refused and rejected such diplomatic service of process on December 4, 2019;

**WHEREAS**, under cover of a letter dated December 26, 2019, the United States Department of State sent to the Clerk of this Court a set of Specific Authentication Certificates ("diplomatic notes") that detail the above-stated diplomatic service of process via the U.S. State

Department and the Foreign Ministry of the Swiss Confederation of the Second Amended Complaint, the Summons, and Notice of Suit, and related documents, in English and all translated into Farsi, in the above-captioned case in this case for all of the above-listed Defendants, and the Foreign Ministry of the Islamic Republic of Iran's refusal and rejection of same on behalf of all of the above-listed Defendants, with a copy to Plaintiff's counsel which was filed with the Court; and

      **WHEREAS**, the Clerk of the Court for the United States District Court for the Southern District of New York has issued a Certificate of Default, dated February 12, 2020, in this case (*Ray* Doc. No. 209), and

      **WHEREAS**, this case is related to *Havlish, et al. v. bin Laden, et al.*, 03-cv-09848 (GBD)(FM), and *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-07550 (GBD)(SN); and

      **WHEREAS**, evidence as to liability was submitted by Plaintiffs in filings with this Court in *Havlish* on May 19, 2011, July 13, 2011, August 19, 2011, and December 15, 2011, in addition to supplemental evidence filed with this Court, including extensive evidence filed confidentially under seal, and in *Hoglan* on July 10, 2015, all of which was submitted into evidence in *Havlish* and in *Hoglan*, and, all of which, pursuant to Plaintiffs' Motion to Admit Related Case Evidence, filed February 13, 2020, (*Ray* Doc. No. 211), has been admitted into evidence and considered by the Court in this case; and

      **WHEREAS**, full evidentiary hearings on liability were held in this Court in *Havlish* on December 15, 2011, and in *Hoglan* on August 17, 2015; and

      **WHEREAS**, on December 22, 2011, this Court entered Findings of Fact and Conclusions of Law in *Havlish*, and in *Hoglan*, entered substantially similar Findings of Fact and

Conclusions of Law on August 31, 2015, and, in this case the Court takes judicial notice thereof and has entered Findings of Fact and Conclusions of Law; and

**WHEREAS**, based on the Court's consideration of all of the above, and all the files in this case and in the related cases, the Court finds that the *Ray* Plaintiffs have established their right to relief by evidence satisfactory to the Court pursuant to 28 U.S.C. §1608(e).

**WHEREAS**, based on the Judgment in *Havlish*, the *Ray* Plaintiffs listed on Exhibit A hereto are entitled to partial final judgments for compensatory damages for solatium in the amounts of $12,500,00 for each spouse of a 9/11 decedent; $8,500,000 for each child of a 9/11 decedent; $8,500,000 for each parent of a 9/11 decedent; and $4,250,000 for each sibling of a 9/11 decedent, all such solatium amounts having been established in *Havlish*;

**WHEREAS**, based on the Judgment in *Havlish*, the *Ray* Plaintiffs listed on Exhibit B hereto who are the Personal Representatives of the Estates of 9/11 Decedents are entitled to partial final judgments for compensatory damages of $2,000,000 for pain and suffering and, further, in amounts yet to be determined for economic losses;

It is **HEREBY ORDERED** that service of process was effected in accordance with 28 U.S.C. 1608(a), *et seq.* upon the following eight *Ray* Defendants.: (1) Islamic Republic of Iran; (2) Iran's Ministry of Information and Security; (3) Islamic Revolutionary Guard Corps; (4) Iran's Ministry of Petroleum; (5) Iran's Ministry of Economic Affairs and Finance; (6) Iran's Ministry of Commerce; (7) Iran's Ministry of Defense and Armed Forces Logistics; and, (8) Central Bank of the Islamic Republic of Iran; and it is **FURTHER**

**ORDERED** that partial final judgment is entered against the Iran nation-state and political subdivision Defendants listed above and on behalf of the *Ray* Plaintiffs, as identified in the attached **EXHIBIT A**, who are each a spouse, parent, child or sibling (or the estate of a spouse,

parent, child or sibling) of a victim killed in the terrorist attacks on September 11, 2001; and it is **FURTHER**

**ORDERED** that Plaintiffs identified in **EXHIBIT A** are awarded solatium damages of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in **EXHIBIT A**; and it is **FURTHER**

**ORDERED** that partial final judgment is entered against the Iran nation-state and political subdivision Defendants and on behalf of the *Ray* Plaintiffs, as identified in the attached **EXHIBIT B**, who are each the personal representative of the estate of a victim of the terrorist attacks on September 11, 2001; and it is **FURTHER**

**ORDERED** that the *Ray* Plaintiffs identified in **EXHIBIT B** are awarded compensatory damages for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in **EXHIBIT B**; and it is **FURTHER**

**ORDERED** that the *Ray* Plaintiffs identified in **EXHIBITS A** and **B** are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment; and it is **FURTHER**

**ORDERED** that the *Ray* Plaintiffs identified in **EXHIBITS A** and **B** may submit applications for punitive damages, and the *Ray* Plaintiffs identified in **EXHIBIT B** may submit applications for economic damages as supported by the expert reports and analyses at a later date consistent with any future rulings made by this Court; and it is **FURTHER**

**ORDERED** that the Plaintiffs not appearing on **EXHIBITS A** or **B** and who were not previously awarded damages may submit in later stages applications for solatium and/or economic damages awards that may be approved on the same basis as currently approved for those Plaintiffs appearing on **EXHIBITS A** or **B** or in prior filings, or as otherwise appropriate.

**SO ORDERED:**

Date: _____    _____

    New York, New York    GEORGE B. DANIELS
                                                                UNITED STATES DISTRICT JUDGE