**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
                                      :
                                      :
                                      :      **1:03 MDL 1570 (GBD)(SN)**
                                      :
                                      :
-------------------------------------------------------------------X

This Document Relates to:
***Ray, et al. v. Iran, et al.***
**1:19-cv-00012 (GBD)(SN)**

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR PARTIAL FINAL DEFAULT JUDGMENT

       The *Ray* Plaintiffs, through counsel, hereby respectfully submit this Memorandum of

Law in Support of the Motion for Entry of Partial Final Default Judgment by the Court.

    **I.**       **BASIS FOR THE REQUESTED DEFAULT JUDGMENT**

        **A. This Action is Related to *Havlish, et al. v. bin Laden, et al.* and *Hoglan, et al. v.***
            ***Islamic Republic of Iran, et al.***

       The instant lawsuit is the third of three actions arising out of the terrorist attacks of

September 11, 2001, that brings claims against the Islamic Republic of Iran and fifteen of its

political subdivisions, agencies and instrumentalities under the Foreign Sovereign Immunities

Act of 1976 ("FSIA"), 28 U.S.C. §§ 1330; 1602-1611, and, specifically, under the FSIA's state

sponsor of terrorism exception codified at 28 U.S.C. §1605A.  In the first lawsuit, *Havlish, et al.*

*v. bin Laden, et al.*, 1:03-cv-09848 (GBD)(FM), this Court held a full evidentiary hearing on

December 15, 2011, and entered an Order of Judgment and Findings of Fact and Conclusions of

Law holding that the sixteen (16) Defendants related to the Islamic Republic of Iran (the "Iranian

Defendants") [1] were liable to the *Havlish* Plaintiffs for damages resulting from the Iranian

Defendants' provision of direct and material aid and support to al Qaeda in carrying out the

attacks of September 11, 2001. *See Havlish, et al. v. bin Laden, et al.*, Findings of Fact and

Conclusions of Law, *Havlish* Doc. No. 294, and Order of Judgment, *Havlish* Doc. No. 295.

After damages proceedings, this Court entered Final Judgment in *Havlish* on October 12, 2012.

*Havlish* Doc. No. 317. *Havlish* was the first case in this MDL to proceed to a final judgment,

and its evidence, Findings of Fact and Conclusions of Law, and Order of Judgement form the

foundation for all of the myriad cases in this MDL that have been recently, or are now,

proceeding to judgment.

The second related case was *Hoglan, et al. v. Islamic Republic of Iran, et al.,* 11 Civ.

7550 (GBD)(SN), which was an action related to the *Havlish* lawsuit. *Hoglan*, like *Havlish*,

arose out of the terrorist attacks of September 11, 2001. The Iranian Defendants in both the

*Havlish* and *Hoglan* lawsuits were identical, and the facts of *Hoglan* were identical to the facts

and evidence in *Havlish*. Again this Court held a full evidentiary hearing on August 17, 2015,

and entered an Order of Judgment and Findings of Fact and Conclusions of Law.

This third case, *Ray, et al. v. Islamic Republic of Iran, et al*., is also related to *Havlish* and

*Hoglan*, and it, too, arose out of the terrorist attacks of September 11, 2001. The Iranian

---

[1] The Iranian Defendants in this action, which were also defendants in *Havlish* and in *Hoglan* are: (1) Islamic Republic of Iran; (2) Ayatollah Ali Hoseini Khamenei, Supreme Leader of Iran; (3) (the Estate of) Ali Akbar Hashemi Rafsanjani, Chairman, Expediency Discernment Counsel and former President of Iran; (4) Iran's Ministry of Information and Security; (5) the Islamic Revolutionary Guard Corps; (6) Iran's Ministry of Petroleum; (7) National Iranian Tanker Corporation; (8) National Iranian Oil Corporation; (9) National Iranian Gas Company; (10) National Iranian Petrochemical Company; (11) Iran Airlines; (12) Iran's Ministry of Economic Affairs and Finance; (13) Iran's Ministry of Commerce; (14) Iran's Ministry of Defense and Armed Forces Logistics; (15) the Central Bank of the Islamic Republic of Iran; and (16) Hezbollah. Only a subset of eight (8) of those Defendants comprising the nation-state and its political subdivisions have been served and are subject to this Motion for Default Judgment:  (1) Islamic Republic of Iran; (2) Iran's Ministry of Information and Security; (3) Islamic Revolutionary Guard Corps; (4) Iran's Ministry of Petroleum; (5) Iran's Ministry of Economic Affairs and Finance; (6) Iran's Ministry of Commerce; (7) Iran's Ministry of Defense and Armed Forces Logistics; and, (8) Central Bank of the Islamic Republic of Iran.

Defendants in *Ray* are exactly the same as in *Havlish* and *Hoglan*, and the facts of *Ray*, as they

pertain to the *Ray* Plaintiffs that are the subject of this motion, are identical to the facts and

evidence in *Havlish* and *Hoglan*.[2]  All three cases are part of this MDL.

Unlike a traditional civil action between two private parties, §1608(e) of the FSIA

establishes a condition precedent that "evidence satisfactory to the court" be presented prior to

the entry of a default judgment against a foreign sovereign.  Evidence firmly establishing the

culpability of the Iranian Defendants with respect to the terrorist attacks of September 11, 2001,

was gathered during a ten-year investigation by counsel for the *Havlish* Plaintiffs.  This evidence

was received, considered, and held to be satisfactory pursuant to 28 U.S.C. §1608(e) by this

Honorable Court in *Havlish, et al. v. bin Laden, et al*.  In *Hoglan*, the exact same evidence, plus a

small amount of evidence supplementing the liability evidence in the form of more recent

"Country Reports" by the U.S. State Department, was presented and admitted, was considered by

the Court and held to be satisfactory pursuant to 28 U.S.C. §1608(e), and formed the evidentiary

basis for the *Hoglan* judgment.

The *Ray* Plaintiffs have moved separately for this Honorable Court to admit the same

evidence that was admitted in *Havlish* and in *Hoglan.  Ray* Doc. No. 211.  Further, Plaintiffs, ask

this Court to take judicial notice of the *Havlish* and *Hoglan* Findings of Fact and Conclusions of

Law, and to enter substantially the same Findings of Fact and Conclusions of Law pertaining to

the liability of the eight (8) Iranian nation-state and political subdivision Defendants in *Ray*.

Such proposed Findings of Fact and Conclusions of Law for *Ray* have been filed with the Court

---

[2] Several *Ray* Plaintiffs are not subject to this motion for partial final judgment: Anthony Behette, George Gabrielle *a/k/a* Gabe Gabrielle, Constance Finnicum, and Eytan Yammer.  Each involves fact and/or procedural issues that require further briefing and/or proceedings.  Additionally, Richard Deblase as Personal Representative of the Estate of James V. Deblase is the subject of a voluntary dismissal that will be filed shortly because that Estate is a plaintiff in another pending case; Richard Deblase individually, however, is a party to this Motion.  Another Plaintiff, Randi Adler, has recently informed counsel that he does not wish to proceed; when confirmed in writing, he will also be the subject of a voluntary dismissal.

separately. *Ray* Doc. No. 214. (As set forth in the Declaration of Timothy B. Fleming, Esq.

(being filed contemporaneously herewith), the only differences in the proposed Findings of Fact

and Conclusions of Law from those entered in *Havlish* pertain to the procedural history of *Ray*

and the deletion of certain findings and conclusions pertaining to the as-yet-unserved individual

and agency and instrumentality Defendants.

The *Ray* Plaintiffs now move for an order establishing the liability of the eight (8) Iranian

nation-state and political subdivision Defendants for which service of process is complete, *see*

*Ray* Doc. Nos. 204 and 209, and for which the Clerk of this Court duly entered a Certificate of

Default pursuant to Local Civil Rule 55.1 on February 12, 2020, *Ray* Doc. No. 209. The *Ray*

Plaintiffs rely upon the *Havlish* and *Hoglan* body of evidence and the Findings of Fact and

Conclusions of Law in those cases to satisfy the requirement of the FSIA to present "evidence

satisfactory to the court." 28 U.S.C. §1608(e).

Thereupon, the *Ray* Plaintiffs request that this Court enter an Order of Liability and enter

Final Partial Default Judgment as to Compensatory Damages in favor of all the Plaintiffs and

against the eight (8) fully-served Iranian nation-state and political subdivision Defendants in

*Ray*. Plaintiffs request that such compensatory damages, at this time, comprise solatium

damages for those Plaintiffs that are immediate family members of 9/11 decedents (no issues of

"functional equivalent" family members are presented here), and only pain and suffering

compensatory damages with regard to those Plaintiffs that are 9/11 decedent estates. Plaintiffs

also seek an award of prejudgment interest on compensatory damages. Further, the *Ray*

Plaintiffs seek the Court's permission to reserve, at present, the issue of compensatory damages

arising from economic loss for those Plaintiffs that are the estates of 9/11 decedents, in order to

present, in a future filing, a full record of economic loss analysis by an expert economist, as was

done in *Havlish* and *Hoglan*.  Finally, as was done in *Hoglan* and has been done more recently in

numerous other cases in this MDL, the *Ray* Plaintiffs seek the Court's permission to reserve the

issue of punitive damages until a future date.

### B.  Procedural History of *Ray*

The *Ray* Plaintiffs instituted this action by way of an original Complaint filed on January

2, 2019, in the United States District Court for the Southern District of New York.  On January

11, 2019, the *Ray* case was accepted as related to *Havlish* and *Hoglan* and, further, made a part

of *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN).  The *Ray*

Plaintiffs filed an Amended Complaint on January 31, 2019.  *Ray* Doc. No. 122.  Upon the

Plaintiffs' motion and memorandum, Ray Doc. No. 136, 137, and pursuant to leave of Court,

*Ray* Doc. No. 138, the Plaintiffs filed the Second Amended Complaint on May 6, 2020.  *Ray*

Doc. No. 139.

The *Ray* Plaintiffs perfected service of the Second Amended Complaint on eight (8) of

the sixteen (16) Iranian Defendants in accordance with the FSIA, and Plaintiffs' endeavors to do

so were fully detailed in an Affidavit of Service by counsel, and exhibits thereto, filed on

February 7, 2020.  *Ray* Doc. Nos. 204 and 204-1 through 204-8.  The eight (8) Iranian

Defendants that have been served have been afforded more than sixty-eight (68) days to respond

to the Second Amended Complaint and all have failed to enter an appearance in this Court.

None has filed any responsive pleading to the Second Amended Complaint as required by

§1608(d) of the FSIA.  *See* 28 U.S.C. §1608(d).  Consequently, pursuant to Local Civil Rule

55.1, upon Plaintiffs' filing of a proposed Clerk's Certificate of Default and an Application for

Entry of Clerk's Certificate of Default on February 11, 2020, *Ray* Doc. Nos. 207 and 207-1,

supported by another Affidavit in Support thereof by Plaintiffs' counsel, *Ray* Doc. No. 208, the

Clerk of this Court entered a Certificate of Default on February 12, 2020. *Ray* Doc. No. 209.

Thus, this matter is ripe for an entry of a default judgment by this Court in favor of the *Ray*

Plaintiffs and against the eight (8) Iranian Defendants that have been served.

Now that the Clerk of Court has issued a Certificate of Default with respect to the eight

(8) Iranian Defendants, the *Ray* Plaintiffs have moved for the Court to take admit in this case all

the evidence admitted in the *Havlish* and *Hoglan* cases, take judicial notice of the *Havlish* and

*Hoglan* Findings of Fact and Conclusions of Law and enter substantially similar Findings and

Conclusions in this case. Further, the *Ray* Plaintiffs submit that, based on such evidence and

findings, "evidence satisfactory to the court" has been presented in support of a default judgment

against a foreign sovereign and its political subdivisions. Accordingly, the *Ray* Plaintiffs move

for formal entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) and §1608(e) of the

FSIA.

## II.    LEGAL ARGUMENT

### A. The *Ray* Plaintiffs Have Perfected Service of the <br> Second Amended Complaint in Accordance with the FSIA

Section 1608(c) of the FSIA provides that:

(c)  Service shall be deemed to have been made –
    (1)  in the case of service [by diplomatic means], as of the date of transmittal
indicated in the certified copy of the diplomatic note; and
    (2) in any other case under this section, as of the date of receipt indicated in the
certification, signed and returned postal receipt, or other proof of service
applicable to the method of service employed.

28 U.S.C. §1608(c)(1)-(2).

According to the correspondence tendered by the Department of State in this matter, *see*

*Ray* Doc. Nos. 204-4 and 204-5, the *Ray* Plaintiffs perfected service upon the eight (8) Iranian

Defendants that are the foreign state or a political subdivision of the foreign state on December

4, 2019.[3]  The rejection of the service materials by Iran's Ministry of Foreign Affairs in Tehran

has no bearing whatsoever on whether or not service is perfected.  The FSIA explicitly states that

service is deemed to have been made as of the date of transmittal of the diplomatic notes.

Moreover, it is clear that the original mailing from the Clerk of this Court by a means that

requires a signature was, in this case, completed because all eight (8) of the service packages

were returned, having been opened, and the envelope marked "Refused."  *See Ray* Doc. Nos.

204-1, 2, and 3.

**B.  The Eight Iranian Defendants Have Failed to Enter an Appearance
or File a Responsive Pleading as Required by the FSIA**

Section 1608(d) of the FSIA provides that:

(d)  In any action brought in a court of the United States or of a State, a foreign state,
a political subdivision thereof, or an agency and instrumentality of a foreign state
shall serve an answer or other responsive pleading to a complaint within sixty days
after service has been made under this section.

28 U.S.C. §1608(d).

The eight (8) Iranian nation-state and political subdivision Defendants have been

afforded more than sixty-eight (68) days to enter their appearance and file a responsive pleading,

in excess of what is required by §1608(d), and all have failed to do so.  Indeed, Iran has *never*

appeared to defend itself during the liability phase of any action premised on the state sponsor of

terrorism exception to foreign sovereign immunity in this Court or any other court.  *See In re*

*Islamic Republic of Iran Terrorism Litig.*, 659 F.Supp.2d 31, 85 (D.D.C. 2009) (Lamberth, C.J.)

(observing "the notion" that Iran might appear to defend an action brought under the state

sponsor of terrorism exception to sovereign immunity "is almost laughable because that nation

has never appeared in any of the terrorism actions that have been litigated against it in this

---

[3] Service upon the eight (8) Iranian Defendants that are agencies and instrumentalities of the foreign state will be made during the coming months.

Court.").  *See also Heiser v. Islamic Republic of Iran*, 00-cv-2329 (D.D.C. Aug. 10, 2011) (Lamberth, C.J.) (denying a motion by private U.S. telecommunications company to interplead Iran in an execution proceeding against funds owed by telecommunications company to Iran, holding that "this action has been proceeding for almost a decade, yet in all this time Iran has not appeared to account for its role in the horrific bombing of the Khobar Towers residential complex.  This choice was made despite both exposure to more than $500 million in damages and evidence that Iran is perfectly capable of appearing when it wishes.").

With service of the Second Amended Complaint perfected and the Iranian Defendants lacking any intention whatsoever to appear to defend themselves in this action, and the *Ray* Plaintiffs having obtained a Certificate of Default from the Clerk of Court, *Ray* Doc. No. 209, this matter is now ripe for entry of a default judgment in favor of the *Ray* Plaintiffs and against the eight (8) Iranian Defendants.

### C. Federal Rule of Civil Procedure 55(b)(2) Requires an Entry of Default Judgment by the Court

Federal Rule of Civil Procedure 55(b) reads, in relevant part, as follows:

(b) ENTERING A DEFAULT JUDGMENT.

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving

any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Rule 55(b)(1)-(2), Fed.R.Civ.P.  *See also* SDNY Local Rule 55.2(b).

In this action, as in *Havlish* and *Hoglan*, a default judgment against the Iranian Defendants for failure to respond to the Second Amended Complaint may be properly entered by the Court.

**D. This Court May Take Judicial Notice of the Findings of Fact and Conclusions of Law Entered in *Havlish, et al. v. bin Laden, et al.* and in *Hoglan, et al. v. Islamic Republic of Iran* with Respect to Liability of the Eight (8) Iranian Defendants in *Ray***

"Under the FSIA, a court cannot simply enter default judgment, but must, out of respect for the principle of sovereign immunity, ensure that plaintiffs 'establish [their] claim or right to relief by evidence that is satisfactory to the court.'"  *Taylor v. Islamic Republic of Iran*, 811 F.Supp.2d 1 (D.D.C. 2011); 28 U.S.C. §1608(e).   However, "the FSIA does not require this Court to re-litigate issues that have already been settled in previous decisions."  *Murphy v. Islamic Republic of Iran*, 740 F.Supp.2d 51 (D.D.C. 2010) *quoting Brewer v. Islamic Republic of Iran*, 664 F.Supp.2d 43, 54 (D.D.C. 2009).  "Indeed, as has been noted in several other FSIA cases brought in [the United States Court for the District of Columbia], 'this Court may take judicial notice of related proceedings and records in cases before the same court.'"  *Murphy*, 740 F.Supp.2d 51 at 58 *quoting Brewer*, 664 F.Supp.2d 43, 50-51.  A court may review evidence via a judicially noticed opinion or other case records "without necessitating the re-presentment of such evidence."  *Murphy*, 740 F.Supp.2d at 58, *citing Heiser v. Islamic Republic of Iran*, 466 F.Supp.2d 229, 264 (D.D.C. 2006).

It is not uncommon for multiple lawsuits to arise from a single terrorist attack.  For

example, at least three actions were brought against Iran as a result of the 1984 suicide bombing

of the U.S. Embassy Annex building in East Beirut, Lebanon: *Wagner v. Islamic Republic of*

*Iran*, 172 F.Supp.2d 128 (D.D.C. 2001); *Welch v. Islamic Republic of Iran*, No. 01-863 (D.D.C.

2007); and *Brewer v. Islamic Republic of Iran*, 664 F.Supp.2d 43 (D.D.C. 2009).  In *Brewer*, the

last of the three cases to proceed to judgment, the court held that the *Brewer* Plaintiffs properly

relied on the testimony establishing the liability of Iran and Hezbollah for the bombing from

*Wagner* and *Welch*:

> In the present case, plaintiffs have cited the testimony from *Wagner* and *Welch* at
> length, recognizing that the FSIA does not require this Court to re-litigate issues
> that have already been settled. Instead, this Court "may take judicial notice of
> related proceedings and records in cases before the same court." *See Estate of*
> *Heiser v. Islamic Republic of Iran,* 466 F.Supp.2d 229, 263 (D.D.C. 2006).
> Defendants' connections to Hezbollah have been explored at length in this
> jurisdiction … [t]he *Wagner* and *Welch* opinions not only illustrate the general
> connection between Hezbollah and Iran, but also justify a specific finding that
> defendants provided support for the 1984 attack on the U.S. Embassy Annex in
> Lebanon. Relying on the pleadings and the above findings of other judges in this
> jurisdiction, this Court concludes that defendants provided "material support and
> resources" to Hezbollah in carrying out the September 20, 1984 attack on the
> Embassy Annex in East Beirut.

*Brewer v. Islamic Republic of Iran*, 664 F.Supp.2d 43, at 54.

The *Ray* Plaintiffs, accordingly, request that this Court adopt the proposed Findings of

Fact and Conclusions of Law regarding the eight (8) Iranian nation-state and political

subdivision Defendants that were filed in this case on February 13, 2020, which are substantially

similar to those previously entered in *Havlish* and *Hoglan*.  The principal differences are that the

*Ray* service of process history has been inserted, based on the Affidavit of Service filed by

counsel and the Certificate of Default entered by the Clerk.  *Ray* Doc. Nos. 204, 209.  Further, in

support of these Findings of Fact and Conclusions of Law, the *Ray* Plaintiffs have also filed,

separately, a Motion to Admit Related Case Evidence, together with a proposed order.  *Ray* Doc.

No. 211.

Accordingly, and as discussed at pp. 1-4, *supra*, the *Ray* Plaintiffs rely upon the body of

evidence in the related cases *Havlish* and *Hoglan* and the Findings of Fact and Conclusions of

Law in those cases to satisfy the requirement of the FSIA that the Plaintiffs' right to relief be

established by "evidence satisfactory to the court."  28 U.S.C. §1608(e).

Because the *Havlish*, *Hoglan*, and now, *Ray*, lawsuits were actions arising out of the

same terrorist attack and were actions in which all eight (8) of the served Iranian Defendants in

*Ray* were named, and that same subset of eight (8) Defendants in *Ray* have failed to appear or

respond despite being properly served in accordance with the FSIA, this matter is ripe for entry

of default judgment against those eight (8) Iranian nation-state and political subdivision

Defendants.  Accordingly, the *Ray* Plaintiffs move this Honorable Court, upon the same grounds

and evidence already evinced in *Havlish* and *Hoglan*, for entry of Findings of Fact and

Conclusions of Law consistent therewith, and for an order and judgment of liability in favor of

the *Ray* Plaintiffs against all eight (8) of those Iranian Defendants.

**E.  This Court Should Award Partial Final Judgment for Solatium and Pain And
Suffering Compensatory Damages and Defer Other Elements of Damages**

This case is also ripe for entry of partial final judgment as to compensatory damages.

Sixty-four of the *Ray* Plaintiffs are immediate family members.  *See* Exhibit A to the Fleming

Declaration, accompanying the *Ray* Plaintiffs' Motion For Default Judgment.  The solatium

awards for specific immediate family relationships are established by the ruling in *Havlish* (and

*Hoglan*, and, further have been consistently applied in all other following cases in this MDL).[4]

---

[4] Specifically, on October 3, 2012, this Court in *Havlish* found, among other things, that "Plaintiffs may recover for [*inter alia*] solatium ... in an action under Section 1605A.  28 U.S.C. §1605A(c)(4).  In such an action, ... family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages."  MDL

Indeed, in *Havlish*, the Court found, due to the extraordinary circumstances presented by the 9/11 terrorist attacks, that the following solatium awards for family members are appropriate, as an upward departure from the framework in *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006):

| Relationship to Decedent: | Proposed Solatium Award: |
|---|---|
| SPOUSE | $12,500,000 |
| PARENT | $8,500,000 |
| CHILD | $8,500,000 |
| SIBLING | $4,250,000 |

MDL Doc. No. 2623 at p. 4.

Declarations from the *Ray* Plaintiffs who are immediate family members will be filed separately under seal, pursuant to this Court's orders. *Ray* Doc. No. 212; MDL Doc. No. 5716. (No "functional equivalent" issues are presented in this case.) These Plaintiffs' declarations attest to the devastating emotional effects on the Plaintiffs, as well as the fact or, and nature of, these Plaintiffs' immediate family relationships. While such declarations supporting the emotional impact is not required to establish the value of the solatium awards, they are submitted nevertheless as an important expression to the Court of the extent of these Plaintiffs' grief and suffering as a result of the devastating 9/11 terrorist attacks upon the United States, as those attacks impacted themselves and their loved ones.

Accordingly, the *Ray* Plaintiffs request that the immediate family member Plaintiffs be awarded solatium damages be awarded consistent with these established values, as set forth in the Chart that is attached as Exhibit A to the Fleming Declaration filed contemporaneously with the *Ray* Motion For Default Judgment.

---

Doc. No. 2623 at 2-3, *quoting Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010).

Further, as to the five (5) 9/11 decedent estate Plaintiffs in *Ray*, the Plaintiffs request pain and suffering damages in the amount of $2,000,000 per decedent estate be entered as an award of partial compensatory damages, as set forth in the Chart that is Exhibit B to the Fleming Declaration.  This amount was established in *Havlish* and *Hoglan* and has been applied consistently in all following cases in this MDL.  In a further filing, with the Court's permission, the Plaintiffs will submit detailed economic loss evidence for each of these estate Plaintiffs, supported by the expert report of an economic analyst, as was done in *Havlish* and *Hoglan*. However, because of an impending claims deadline for the United States Victims of State Sponsored Terrorism Fund, the Plaintiffs request that the partial compensatory damages award for pain and suffering for five (5) 9/11 decedent estates – the Estates of Denease Conley, Lee Alan Adler, Francesco Garfi, Patrick McGuire, and Rocco Medaglia – be entered at this time. (As to the Estate of Anthony Behette, *see* n. 2, *supra*.)

Finally, in the *Havlish* decision, this Court found that prejudgment interest was warranted for the plaintiffs' solatium and pain-and-suffering damages.  MDL Doc. No. 2623 at 5.  The *Havlish* plaintiffs sought application of a 4.96% interest rate, which Magistrate Judge Frank Maas recommended (MDL Doc. No. 2619 at 13-14), and the Court adopted (MDL Doc. No. 2623 at 5).  In *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent rate for prejudgment interest should be applied to all solatium claims, MDL Doc. No. 3358 at pp. 17-20 and MDL Doc. No. 3363 at pp. 28-29.  The Court adopted Judge Netburn's *Hoglan* Report in its entirety and applied an interest rate of 4.96 percent per annum, compounded annually.  MDL Doc. No. 3383 at p. 2 and MDL Doc. No. 3384 at p. 6.  The *Ray* Plaintiffs request the same prejudgment interest awards be made here.

13

### III.    CONCLUSION

In light of the above, the *Ray* Plaintiffs respectfully request that the proposed Findings of Fact and Conclusions of Law (filed separately) be entered in this case, and that an Order of Judgment be entered decreeing that the following Defendants have all been properly served with the Second Amended Complaint and Amended Summons and are in default for failing to respond as required by 28 U.S.C. §1608(d): (1) Islamic Republic of Iran; (2) Iran's Ministry of Information and Security; (3) Islamic Revolutionary Guard Corps; (4) Iran's Ministry of Petroleum; (5) Iran's Ministry of Economic Affairs and Finance; (6) Iran's Ministry of Commerce; (7) Iran's Ministry of Defense and Armed Forces Logistics; and, (8) Central Bank of the Islamic Republic of Iran.

Further, the *Ray* Plaintiffs respectfully request that the Court enter findings that the *Ray* Plaintiffs have established their claim or right to relief by evidence that is satisfactory to the Court pursuant to 28 U.S.C. §1608(e), and, thereupon, enter a Partial Final Judgment as to Compensatory Damages for the *Ray* Plaintiffs listed in Exhibits A and B to the Fleming Declaration filed contemporaneously with the *Ray* Motion For Default Judgment in the amounts set forth in those Exhibits.  Further, the *Ray* Plaintiffs request that the issue of economic loss compensatory damages for the 9/11 decedent estate Plaintiffs in this case be reserved for further submission of evidence and that the issue of punitive damages be reserved for future decision consistent with the Court's other rulings in this MDL, and that the claims of all non-moving Plaintiffs in *Ray* be held open for further proceedings in this case.

A proposed form of judgment consistent with the Court's prior holdings in this MDL is submitted with the Motion For Default Judgment.

Respectfully submitted,

Date:   February 14, 2020

/s/ Timothy B. Fleming_____
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1211 Connecticut Avenue, N.W.
Suite 420
Washington, D.C.  20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS *(Lead Counsel)*
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL    35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
3905 Vincennes Road #303
Indianapolis, IN  46268
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
FOOTE, MIELKE, CHAVEZ
& O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

*Attorneys for all of the* Ray *Plaintiffs*

and

Robert A. O'Hare Jr. (New York Bar No. 2601359)
Andrew C. Levitt (New York Bar No. 2734465)
O'HARE PARNAGIAN LLP
82 Wall Street, Suite 300
New York, NY  10005
(212) 425-1401

*Co-Counsel for Plaintiffs Anthony Behette; Harley
DiNardo; Harley DiNardo as Personal*

15

*Representative for the Estate of Esterina DiNardo a/k/a Ester DiNardo, Deceased; Pio DiNardo; Andrew Economos, Individually; Andrew Economos, as Co-Executor of the Estate of Leon Economos; Olga Valinotti, Individually; Olga Valinotti, as Co-Executor of the Estate of Leon Economos; Constance Finnicum; George Gabrielle a/k/a Gabe Gabrielle; Mary Ellen Murach, Individually; Mary Ellen Murach, as Executor of the Estate of Edward John Murach; Richard J. Murach; and Katharine Tynion*