# WIGGINS CHILDS
# PANTAZIS FISHER
# GOLDFARB PLLC
Advocates & Litigators

March 4, 2020



**VIA ECF AND HAND DELIVERY**
Honorable George B. Daniels
UNITED STATES DISTRICT COURT FOR THE
 SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007

Re:   *In Re Terrorist Attacks on September 11, 2001*, 1:03-md-01570 (GBD)(SN)
      *Ray, et al. v. Islamic Republic of Iran, et al.*, 1:19-cv-00012 (GBD)(SN)
      **REQUEST TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE**

Dear Judge Daniels:

The *Ray* Plaintiffs in the above-captioned MDL, by and through the undersigned counsel, hereby request this Honorable Court for permission to proceed directly to diplomatic service upon the Islamic Republic of Iran only, pursuant to 28 U.S.C. §1608(a)(4). As grounds therefore, the *Ray* Plaintiffs cite Iran's certain refusal to accept service of the forthcoming partial final judgment in this case via direct mail under 28 U.S.C. §1608(a)(3).

Service of the judgment through diplomatic channels is sufficient for providing Iran notice of the *Ray* Plaintiffs' final judgment for the purposes of the United States Victims of State Sponsored Terrorism Fund ("USVSSTF"): "In the case of a default judgment entered against a foreign state, the claimant must submit documentation showing either transmittal to the U.S. Department of State or other verified proof of service under 28 U.S.C. §§1608(a) and (e)." http://www.usvsst.com/faq.php (last visited March 2, 2020).

Because the consistent experience of counsel for the *Ray* Plaintiffs – and all plaintiffs who have sued Iran for state-sponsored terrorism – is that Iran will not ever accept service of any kind in these cases, the *Ray* Plaintiffs do not anticipate being able to complete "verified proof of service" by a direct mailing requiring a signature.[1] Thus, the submission to the USVSSTF showing "transmittal

---

[1] Counsel for the *Ray* Plaintiffs, who also represent the *Havlish* Plaintiffs in the related MDL case of *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848 (GBD)(FM) and the *Hoglan* Plaintiffs in the related MDL case of *Hoglan, supra*, have four times in the past seven years attempted to serve Iran by mail pursuant to the FSIA. All four times these mailings were rejected by the Ministry of Foreign Affairs in Tehran. *See Havlish* Motion to Authorize Attachment and Execution Pursuant to 28 U.S.C. §1610(c), Exhibits C, D, and E, *Havlish* Doc. No. 389, MDL. Doc. No. 2737; Memorandum of Law in Support of Motion to Authorize Attachment and Execution Pursuant to 28 U.S.C. §1610(c), *Havlish* Doc. No. 390, MDL Doc. No. 2738; Order Granting Motion to Authorize Attachment and Execution Pursuant to 28 U.S.C. §1610(c), *Havlish* Doc. No. 393, MDL Doc. No. 2778; *Hoglan* Motion and Memorandum Of Law In Support Of Motion For Entry of Default Judgment By The Court, and Exhibits D and E thereto, *Hoglan* Doc. Nos. 91, 91-4, 91-5, and 92; *Hoglan* Motion and Memorandum of Law in Support of Motion to Enforce Judgment Pursuant to 28

Hon. George B. Daniels  
UNITED STATES DISTRICT JUDGE

March 4, 2020  
*Page 2*

to the U.S. Department of State" for diplomatic service is the sole purpose for which Plaintiffs seek the leave of this Court in this motion. The Clerk of the Court will require such an order from the Court in order to make the transmittal to the State Department without first a direct mailing.

After this diplomatic service step is taken through the State Department, the *Ray* Plaintiffs will serve the Final Judgment by a direct mailing requiring a signature in order to follow precisely the service provisions of the FSIA for all the *Ray* judgment Defendants. 28 U.S.C. §1608(a), (e). After such direct mailing is refused, as doubtless it will be, the *Ray* Plaintiffs will, a second time, serve the nation-state, along with the other judgment Defendants, via diplomatic process. In this manner, the *Ray* Plaintiffs, at additional cost to themselves, will have satisfied both the USVSSTF's guidance in the near term and the multi-step service provisions of the FSIA for all other purposes.

Plaintiffs in the related case *Hoglan, et al. v. Iran, et al.*, 1:11-cv-07550 (GBD)(SN), followed exactly this process, with this Court's permission. After requesting and receiving the Court's permission to proceed directly to diplomatic service of the judgment on the nation-state only, *Hoglan* Doc. Nos. 174, 175, and 179, MDL Doc. Nos. 3376, 3377, and 3385, and having done so in order to satisfy the USVSSTF, the *Hoglan* Plaintiffs then re-served Iran, along with all judgment Defendants, via a direct mailing, and then served Iran a second time, along with the others, through the diplomatic channel. *Hoglan* Doc. Nos. 321, 322, 322-1, 322-2, part 2 of 2 at pp. 51-58 (*Hoglan* Doc. No. 258), 322-3, 322-4, 322-5; MDL Doc. Nos. 6021, 6022, 6022-1, 6022-2, part 2 of 2 at pp. 51-58 (*Hoglan* Doc. No. 258), 6022-3, 6022-4, and 6022-5.

Upon the above-described grounds, the *Ray* Plaintiffs respectfully request this Honorable Court for permission to proceed directly to diplomatic service upon the judgment Defendant Islamic Republic of Iran, only, of all final judgment documents entered in this case, to be followed subsequently by direct mailing and diplomatic service as provided in the FSIA.

Sincerely,

*/s/ Timothy B. Fleming*

Timothy B. Fleming

MAR 0 6 2020

Dated: _____

**SO ORDERED:**

*/s/ George B. Daniels*

George B. Daniels  
United States District Judge

---

U.S.C. Section 1610(c), and Exhibits A and B thereto, *Hoglan* Doc. Nos. 320 and 321, 322-1, 322-2, part 2 of 2 at pp. 51-58 (*Hoglan* Doc. No. 258), and 322-3, MDL Doc. Nos. 6021, 6022, 6022-1, 6022-2, part 2 of 2 at pp. 51-58 (*Hoglan* Doc. No. 258), 6022-3.