**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
                                                                          :
                                                                          :     **MOTION TO REQUEST THE**
                                                                          :     **ISSUANCE OF LETTERS**
                                                                          :     **ROGATORY**
                                                                          :
                                                                          :     **1:03 MDL 1570 (GBD)(SN)**
                                                                          :
------------------------------------------------------------------X

**This Document Relates to**
*Ray, et al. v. Iran, et al.*
**1:19-cv-00012 (GBD)(SN)**

      The *Ray* Plaintiffs, through counsel, hereby respectfully submit this Motion to Request the Issuance of Letters Rogatory in the interest of justice, and in support thereof, aver the following:

      1.    The *Ray* Plaintiffs request issuance of letters rogatory directing the appropriate judicial authority of The Islamic Republic Iran to effect service of the Second Amended Complaint, Notice of Suit, Amended Summons, a cover letter and certified translations in *Ray, et al. v. Iran, et al.,* 1:19-cv-00012 (GBD)(SN) upon the eight (8) "agency and instrumentality" defendants. A copy of the proposed Letter Rogatory is attached hereto as **EXHIBIT A**.[1]

      2.    The *Ray* Plaintiffs thus request a determination by this Court - as it has previously determined in companion actions - that all sixteen (16) *Ray* Defendants can be served through the United States Department of State, pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1608(a)(4) or 28 U.S.C. §1608 (b)(3)(A).

---

[1] The *Ray* Plaintiffs request eight (8) duplicate copies of this proposed letter rogatory be signed by the Court, one for each of eight (8) "agency and instrumentality" defendants.

3. The *Ray* Plaintiffs filed their Second Amended Complaint on May 6, 2019 (*Ray* Docket No. 139). Included as defendants in Plaintiffs' Second Amended Complaint are the government of the Islamic Republic of Iran and seven (7) political subdivisions of the government of Iran: (1) The Iranian Ministry of Information and Security; (2) The Islamic Revolutionary Guard Corps; (3) The Iranian Ministry of Economic Affairs and Finance; (4) The Iranian Ministry of Commerce; (5) The Iranian Ministry of Defense and Armed Forces Logistics; (6) The Iranian Ministry of Petroleum; and, (7) The Central Bank of the Islamic Republic of Iran. *Id.*, ¶¶ 88-93, 94(c)-(h). These eight defendants are referred to herein as the "government defendants."

4. Also included as defendants in the *Ray* Plaintiffs' Second Amended Complaint are six (6) agencies and instrumentalities of the government of Iran that also provided material support to al-Qaeda in carrying out the terrorist attacks of September 11, 2001: (1) National Iranian Oil Company; (2) National Iranian Tanker Company; (3) National Iranian Gas Company; (4) National Iranian Petrochemical Company; (5) Iran Airlines; and, (6) Hezbollah. *Id.,* ¶ 95.

5. In addition, the *Ray* Plaintiffs' Second Amended Complaint includes as defendants two (2) former officials of the government of Iran: (1) Ayatollah Ali Hoseini-Khamenei, Supreme Leader of Iran; and, (2) the Estate of Akbar Hashemi Rafsanjani, Deceased, former Chairman of the Expediency Discernment Counsel and former President of Iran. *Id.*, ¶¶ 94(a)-(b). These former officials, plus the agencies and instrumentalities listed in the preceding paragraph, will be referred to herein as the "agency and instrumentality defendants."

6. Section 1608(e) of the FSIA requires the *Ray* Plaintiffs to serve the Second Amended Complaint in the above-captioned matter upon ALL Defendants pursuant to the provisions of the FSIA, 28 U.S.C. §1608(a). *See, e.g.*, *Antoine v. Atlas Turner, Inc*. 66 F.3d 105,

109 (6th Cir. 1995).  Subsection (a) of 28 U.S.C. §1608 lists several methods of service in descending order of preference.  The first two (2) methods of service in both subsections (a) and (b) are virtually identical, and neither is applicable to any of the *Ray* defendants.[2]

7.    The third method of FSIA service requires that parties such as the *Ray* Plaintiffs send a copy of the initial pleading materials, together with certified translations into Farsi, to the defendat "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of court."  28 U.S.C. §1608(a)(3); 28 U.S.C. §1608(b)(3)(B).

8.    On August 28, 2019, counsel for the *Ray* Plaintiffs hand-delivered eight (8) packages (one for each *Ray* "government defendant") to the Foreign Mailings Clerk of Court for the Southern District of New York, who then dispatched all eight (8) packages provided by the *Ray* Plaintiffs to Tehran, Iran via the United States Postal Service.  *See Ray* Docket No.s 173-179; MDL Docket No.s 5004, 5005, 5007-09, 5011, 5012.

9.    Further, on September 10, 2019, counsel for the *Ray* Plaintiffs hand-delivered nine (9) additional service packages (one for each *Ray* "agency and instrumentality defendant," plus a second service package directed to an alternate address for defendant the Bank of Iran) to the Foreign Mailings Clerk of Court for the Southern District of New York, who then dispatched all nine (9) packages provided by the *Ray* Plaintiffs to Tehran, Iran via the United States Postal

---

[2] The first two methods of service of initial pleading documents are "in accordance of a special arrangement for service between the plaintiff and the foreign state" or, if no special arrangement exists, by delivery of the documents "in accordance with an applicable international convention on service of judicial documents."  28 U.S.C. §1608(a)(1)-(2). No "special arrangement" for service of initial pleading documents exists between the *Ray* Plaintiffs and any of the *Ray* defendants.  Indeed, Iran and its agencies and instrumentalities have never appeared to defend *any* claim in the courts of the United States brought by plaintiffs under the state sponsor of terrorism exception to sovereign immunity found at 28 U.S.C. §1605A.  Further, Iran is not a signatory to any "applicable international convention on service of judicial documents."  *See* Website of Hague Conference for Private International Law, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Members of the Organization at http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (*last accessed March 23, 2020*). *See also* United States District Court for the Southern District of New York, Foreign Mailing Instructions, pp. 5-6 http://www.nysd.uscourts.gov/file/forms/foreign-mailing-instructions (*last accessed March 23, 2020*)...

Service.  Clerk Certificates of Mailing were entered on the *Ray* docket on October 4, 2019 and October 11, 2019 and certify that these nine (9) packages were sent by the SDNY Clerk's Office on September 18, 2019 by registered U.S. Mail.  *Ray* Docket No.s 180-189.

10.     The documents sent to all *Ray* defendants by U.S. Mail requiring a signed receipt, and addressed and dispatched by the clerk of court pursuant to 28 U.S.C. §1608(a)(3), were: (1) a cover letter; (2) the Second Amended Complaint, filed in the U.S. District Court for the Southern District of New York, dated May 6, 2019 (*Ray* Docket No. 139); (3) Notice of Suit, pursuant to 22 C.F.R. 93.2, dated May 10, 2019, along with the text of FSIA, 28 U.S.C. § 1602, *et seq.*; and, (4) Amended Summons in a Civil Action, dated August 7, 2019 (*Ray* Docket No. 172).  The *Ray* Plaintiffs' hand-delivery to the Foreign Mailings Clerk of Court for the United States District Court for the Southern District of New York also included translations of each document into Farsi and affidavits by the translators.

11.     If service by any form of mail requiring a signed receipt, addressed and dispatched by the clerk of court pursuant to §1608(a)(3) or §1608(b)(3)(B) is unsuccessful, the fourth method of service authorized under the FSIA is service through diplomatic channels via the Unite States Department of State pursuant to §1608(a)(4) or §1608(b)(3)(A).  In the companion case of *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM), William P. Fritzlen of the U.S. Department of State corresponded with the S.D.N.Y. Clerk of Court to inform the Clerk that the Department of State was empowered to serve "a foreign state or a political subdivision of a foreign state" without letters rogatory.  The eight (8) Defendants the State Department determined it could serve <u>without letters rogatory</u> were: (1) the Islamic Republic of Iran; (2) The Iranian Ministry of Information and Security; (3) The Islamic Revolutionary Guard Corps; (4) The Iranian Ministry of Economic Affairs and Finance; (5) The

Iranian Ministry of Commerce; (6) The Iranian Ministry of Defense and Armed Forces Logistics; (7) The Iranian Ministry of Petroleum; and, (8) The Central Bank of the Islamic Republic of Iran. A copy of the letter by William P. Fritzlen, U.S. Department of State, to Ruby J. Krajick, Clerk of Court, dated January 25, 2013, is attached hereto as **EXHIBIT B**.

12. Mr. Fritzlen informed the SDNY Clerk that the State Department could serve the remaining eight (8) *Havlish* Defendants <u>only if the Court issued letters rogatory</u>, pursuant to 28 U.S.C. §1608(b)(3)(A).  *Id*  The eight defendants that the State Department <u>required letters rogatory to serve</u> were: (1) Ayatollah Ali Hoseini-Khamenei, Supreme Leader of Iran; (2) Ali Akbar Hashemi Rafsanjani, then-Chairman of the Expediency Discernment Counsel and former President of Iran; (3) National Iranian Oil Company; (4) National Iranian Tanker Company; (5) National Iranian Gas Company; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and, (8) Hezbollah.  *Id.*

13. Based on the State Department position, the Plaintiffs in the companion case of *Havlish, et al. v. bin Laden, et al.*, filed a motion and memorandum of law for issuance of letters rogatory for the same eight (8) "agency and instrumentality" defendants as in the instant litigation, which this Court granted on April 9, 2013.  *See Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM), *Havlish* Docket No. 376.

14. Based on this same State Department position, the Plaintiffs in the companion case of *Hoglan, et al. v. Iran, et al*. also filed a Motion and Memorandum of Law for Issuance of Letters Rogatory in that litigation for service of their initial pleadings on October 25, 2013 (Document No. 63), which this Court granted on November 27, 2013.  *See Hoglan, et al. v. Iran, et al.*, 1:11-cv-07550 (GBD) (SN), *Hoglan* Docket No. 66; MDL Docket No. 2802.

15. The *Hoglan* Plaintiffs also filed a motion and memorandum of law for issuance of letters rogatory for diplomatic service of their final compensatory damages judgment on September 18, 2018 (*Hoglan* Docket No. 282 (MDL Docket No. 4184); Memorandum of Law at *Hoglan* Docket No. 283 (MDL Docket No. 4185.)) which was granted on January 7, 2019 (*Hoglan* Docket No. 293; MDL Docket No. 4338). The grounds for this motion are further set forth in the accompanying Memorandum of Law in Support of Plaintiffs' Motion to Request the Issuance of Letters Rogatory.

**WHEREFORE,** the *Ray* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Ray* Plaintiffs' Motion to Request the Issuance of Letters Rogatory for the following Defendants: (1) Ayatollah Ali Hoseini-Khamenei; (2) the Estate of Ali Akbar Hashemi Rafsanjani, Deceased, (3) National Iranian Oil Company; (4) National Iranian Tanker Company: (5) National Iranian Gas Company; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and, (8) Hezbollah empowering the United States Department of State to forward to the Minister of Foreign Affairs for the Islamic Republic of Iran all of the remaining *Ray* Plaintiffs' initial service documents.

Respectfully submitted,

Date: October 12, 2020                           /s/

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1211 Connecticut Avenue, N.W.
Suite 420
Washington, D.C. 20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS *(Lead Counsel)*
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL   35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
3905 Vincennes Road #303
Indianapolis, IN  46268
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
FOOTE, MIELKE, CHAVEZ
& O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

*Attorneys for all of the* Ray *Plaintiffs*

and

Robert A. O'Hare Jr. (New York Bar No. 2601359)
Andrew C. Levitt (New York Bar No. 2734465)
O'HARE PARNAGIAN LLP
82 Wall Street, Suite 300
New York, NY  10005
(212) 425-1401

*Co-Counsel for Plaintiffs Anthony Behette; Harley DiNardo; Ester DiNardo; Pio DiNardo; Andrew Economos, Individually; Andrew Economos, as Co-Executor of the Estate of Leon Economos; Olga Valinotti, Individually; Olga Valinotti, as Co-Executor of the Estate of Leon Economos; Constance Finnicum; George Gabrielle a/k/a Gabe Gabrielle; Mary Ellen Murach, Individually; Mary Ellen Murach, as Executor of the Estate of Edward John Murach; Richard J. Murach; and Katharine Tynion*