UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
                                        :
                                        :     **MEMORANDUM OF LAW**
                                        :     **IN SUPPORT OF PLAINTIFFS'**
                                        :     **MOTION TO REQUEST THE**
                                        :     **ISSUANCE OF LETTERS**
                                        :     **ROGATORY**
                                        :
                                        :     1:03 MDL 01570 (GBD)(SN)
                                        :
------------------------------------------------------------------X

**This Document Relates to**
*Ray, et al. v. Iran, et al.*
**1:19-cv-00012 (GBD)(SN)**

The *Ray* Plaintiffs respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion to Request the Issuance of Letters Rogatory. A copy of the proposed Letter Rogatory directed to the appropriate judicial authority of The Islamic Republic of Iran is attached to the accompanying Motion as **EXHIBIT A**.

**I.    STATEMENT OF FACTS**

This action was brought by family members and representatives of family members of victims of the terrorist attacks of September 11, 2001, in order to hold accountable those who planned, executed, and/or provided material support and assistance to al-Qaeda in carrying out the most deadly and outrageous act of terror to occur on American soil.

The *Ray* Plaintiffs filed their Second Amended Complaint on May 6, 2019 (*Ray* Docket No. 139). Included as defendants in the *Ray* Plaintiffs' Second Amended Complaint is the government of the Islamic Republic of Iran and seven political subdivisions of the government of Iran, for the purposes of diplomatic service by the United States Department of State pursuant to

1

the Foreign Sovereign Immunities Act ("FSIA") found at 28 U.S.C. §1608, *et seq*. These seven *Ray* political subdivision defendants are: (1) The Iranian Ministry of Information and Security; (2) The Islamic Revolutionary Guard Corps; (3) The Iranian Ministry of Economic Affairs and Finance; (4) The Iranian Ministry of Commerce; (5) The Iranian Ministry of Defense and Armed Forces Logistics; (6) The Iranian Ministry of Petroleum; and, (7) The Central Bank of the Islamic Republic of Iran. *Id*., ¶¶ 88-93, 94(c)-(h). These eight (8) defendants will be referred to herein as the "government defendants."

Also included in the *Ray* Plaintiffs' Second Amended Complaint are six (6) agencies and instrumentalities of the government of Iran that also provided material support to al-Qaeda in carrying out the terrorist attacks of September 11, 2001 within the meaning of FSIA §1608, *et seq*.: (1) National Iranian Oil Company; (2) National Iranian Tanker Company; (3) National Iranian Gas Company; (4) National Iranian Petrochemical Company; (5) Iran Airlines; and, (6) Hezbollah. *Id*., ¶ 95. In addition, the *Ray* Plaintiffs' Second Amended Complaint includes two former officials of the government of Iran: (1) Ayatollah Ali Hoseini-Khamenei, Supreme Leader of Iran: and, (2) the Estate of Ali Akbar Hashemi Rafsanjani, Deceased, former Chairman of the Expediency Discernment Counsel and former President of Iran. *Id*., ¶¶ 94(a)-(b). Letters rogatory issued by this Court are required by the United States Department of State to serve Defendants Ayatollah Ali Hoseini-Khamenei, Estate of Ali Akbar Hashemi Rafsanjani, Deceased, National Iranian Oil Company, National Iranian Tanker Company, National Iranian Gas Company, National Iranian Petrochemical Company, Iran Airlines, and Hezbollah. These eight (8) defendants will be referred to herein as the "agency and instrumentality defendants."

After the *Ray* Plaintiffs' Second Amended Complaint was filed on May 6, 2019 (*Id.*)*,* the *Ray* Plaintiffs were issued an Amended Summons on August 7, 2019 (*Ray* Docket No. 172). All

sixteen *Ray* Defendants must be served with <u>all</u> of the documents related to the Second Amended Complaint, the Notice of Suit and the Amended Summons in this matter, in both English and Farsi, in accordance with the service provisions of the FSIA found at 28 U.S.C. §1608, *et seq*. However, because the United States Department of State has previously required Letters Rogatory to diplomatically serve the eight agency and instrumentality defendants, the *Ray* Plaintiffs now seek to acquire such Letters Rogatory. Only after obtaining Letters Rogatory will the *Ray* Plaintiffs be able to complete the requisite diplomatic service through the U.S. State Department, pursuant to the FSIA.

II. **ROLE OF THE UNITED STATES DEPARTMENT OF STATE**

The United States Department of State, Overseas Citizens Services, Office of Policy Review & Interagency Liaison is responsible for service and implementing regulations under the FSIA via the diplomatic channel in accordance with 28 U.S.C. §1608(a)(4). (*See*: https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process.html (*last accessed March 23, 2020*)).

Any defendant served by the United States Department of State must be a foreign state or political subdivision as defined by §1603 of FSIA, not an agency or instrumentality of a foreign state to be served under §1608(b) of the Act. The United States Department of State does not serve natural persons under the FSIA. (*See, e.g.,* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (*last accessed March 23, 2020)*).

The Act specifies that when service of process upon a foreign state cannot otherwise be effected under the FSIA, the Clerk of Court may dispatch a request to the Secretary of State, "Attn: Director of Special Consular Services," for service upon a foreign state defendant. 28 U.S.C. §1608(a)(4).

The FSIA contains parallel service provisions depending on the classification of the sovereign defendant. For service upon "a foreign state or a political subdivision of a foreign state," the four methods of service contained in 28 U.S.C. §1608(a)(1)-(4) apply, listed in descending order of preference. For service upon "an agency or instrumentality of a foreign state," there are five methods of service, including the use of letters rogatory. *See* 28 U.S.C. §1608(b)(3)(A). The service provisions are similar for both "foreign states" and a foreign state's "agencies and instrumentalities" in that private plaintiffs are afforded three means of service under subsection (a) or (b) before the assistance of the United States or the Court in effectuating service becomes warranted.

The fundamental difference between the two subsections, should a private plaintiff be unable to effectuate service, is a procedural one. In the case of a foreign state or political subdivision, subsection (a) permits service via the U.S. Department of State through diplomatic means should the other proscribed methods of service fail. 28 U.S.C. §1608(a)(4). For an agency or instrumentality of an instrumentality of a foreign state, however, the Department of State will not serve the agency or instrumentality directly. Rather, the Department of State will request the judicial assistance of the foreign state in serving their agencies and instrumentalities after letters rogatory has been issued by the Court. 28 U.S.C. §1608(b)(3)(A).

This Court has previously and repeatedly adjudged <u>all</u> of the Defendants in this matter to be the legal equivalent of Iran for purposes liability under the state sponsor of terrorism exception to sovereign immunity codified at 28 U.S.C. §1605A. The Findings of Fact and Conclusions of Law entered by this Court in the companion case of *Hoglan, et al. v. Iran, et al.,* 1:11-cv-07550 (GBD)(SN), on August 31, 2015 included the following paragraphs:

> 32. Under the FSIA, "a 'foreign state'. . . includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state" as defined in the FSIA. 28 U.S.C. §1603(a). The FSIA defines the term "agency or instrumentality of a foreign state" as any entity (1) which

4

> is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of . . . the United States . . . nor created under the laws of any third country. 28 U.S.C. §1603(b)(1)-(3); *see Estate of Heiser, et al. v. Islamic Republic of Iran*, No. 00-cv-2329 (RCL), Consolidated With No. 01-cv-2104 (RCL) (D.D.C. August 10, 2011). Accordingly, Iran's Ministry of Information and Security, the Islamic Revolutionary Guard Corps, Iran's Ministry of Petroleum, Iran's Ministry of Economic Affairs and Finance, Iran's Ministry of Commerce, and Iran's Ministry of Defense and Armed Forces Logistics, which are all political subdivisions of Defendant Iran, are all legally identical to Defendant Iran for purposes liability under the FSIA.
>
> 33. Further, **Defendants Hizballah, the National Iranian Tanker Corporation, the National Iranian Oil Corporation, the National Iranian Gas Company, Iran Airlines, the National Iranian Petrochemical Company**, and the Central Bank of the Islamic Republic of Iran, **at all relevant times acted as agents or instrumentalities of Defendant Iran. Each of these defendants is subject to liability under as agents of Iran under §1606A(c)** [sic] [1] **of the FSIA** and as co-conspirators, aiders and abetters under the ATCA.
>
> 34. The two Iranian individuals, **Defendant Ayatollah Ali-Hoseini Khamenei and Ali Akbar Hashemi Rafsanjani, each are an "official, employee, or agent of [Iran] . . . acting with the scope of his or her office, employment, or agency" and therefore, Khamenei and Rafsanjani are legal equivalent to Defendant Iran for purposes of the FSIA which authorizes against a cause of action against them to the same extent as it does a cause of action against the "foreign state that is or was a state sponsor of terrorism" itself. 28 U.S.C. §1605A(c). Each of these defendants is subject to liability under as agents and officials of Iran under §1606A(c)** [sic] [2] **of the FSIA** and as co-conspirators, aiders and abetters under the ATCA.
>
> 35. **Iran is liable for damages caused by the acts of all agency and instrumentality Defendants because "[i]n any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents."** *Id*. **28 U.S.C. §1605A(c).**

*Hoglan* Findings of Fact and Conclusions of Law, dated August 31, 2015 (*Hoglan* Docket No. 111), ¶¶ 32-5. (*emphases added*). See also, Havlish, et al. v. bin Laden, et al., S.D.N.Y. 1:03-cv-9848 (GBD)(FM), *Havlish* Docket No. 376.

### III. THE ATTEMPTS TO SERVE THE DEFENDANTS BY THE *RAY* PLAINTIFFS

The methods of service under the FSIA are listed in descending order of preference in both subsections (a) and (b). *See* 28 U.S.C. §1608 (a)(1)-(4); 28 U.S.C. (b)(1)-(3). The first two methods under each subsection are virtually identical and neither is applicable to any of the *Ray* defendants. The first method is "by delivery of a copy of the summons and complaint in

---

[1] The correct citation is §1605A(c).
[2] The correct citation is §1605A(c).

5

accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." 28 U.S.C. §1608(a)(1); 28 U.S.C. §1608(b)(1).  No "special arrangement" for service of the Second Amended Complaint and accompanying service documents exists between the *Ray* Plaintiffs and Iran,  its political subdivisions or its agencies and instrumentalities.

When no special arrangement for service of pleadings and service documents exists, as is the case here, the second method of service under the FSIA is by delivery "in accordance with an applicable international convention on service of judicial documents."  28 U.S.C. §1608(a)(2); 28 U.S.C. §1608(b)(2).  Iran is not a signatory to any such international convention.  *See* Website of Hague Conference for Private International Law, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Members of the Organization at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17  (*last accessed March 23, 2020*).  *See also* United States District Court for the Southern District of New York, Foreign Mailing Instructions, pp. 5-6, at https://nysd.uscourts.gov/sites/default/files/2019-11/Foreign_Mailing_Instructions.pdf (*last accessed March 23, 2020*).

If service of the Complaint and accompanying service documents cannot be made by the first two methods, the FSIA permits a plaintiff to request that the Clerk of Court send the required documents "by any form of mail requiring a signed receipt… to the head of the ministry of foreign affairs of the foreign state concerned" or, in the case of an agency or instrumentality, directly to the agency or instrumentality itself.  28 U.S.C. §1608(a)(3); 28 U.S.C. §1608(b)(3)(B).

On August 28, 2019, counsel for the *Ray* Plaintiffs hand-delivered eight (8) packages (one for each *Ray* "government defendant") to the Foreign Mailings Clerk of Court for the Southern District of New York, who then dispatched all eight (8) packages provided by the *Ray* Plaintiffs to Tehran, Iran via the United States Postal Service.  *See Ray* Docket No.s 173-179; MDL Docket No.s 5004, 5005, 5007-09, 5011, 5012.

Further, On September 10, 2019, counsel for the *Ray* Plaintiffs hand-delivered nine (9) additional service packages (one for each *Ray* "agency and instrumentality defendant," plus a second service package directed to and alternate addresss for *Ray* Defendant the Bank of Iran) to the Foreign Mailings Clerk of Court for the Southern District of New York, who then dispatched all nine (9) packages provided by the *Ray* Plaintiffs to Tehran, Iran via the United States Postal Service.  Clerk Certificates of Mailing were entered on the *Ray* docket on October 4, 2019 and October 11, 2019 (*Ray* Docket No.s 180-189) certifying that these nine packages were sent by the SDNY Clerk's Office on September 18, 2019 by registered U.S. Mail.

The initial pleading documents sent to all *Ray* defendants by United States Mail requiring a signed receipt, which were addressed and dispatched by the clerk of court in August and early-September 2019 were: (1) a cover letter; (2) the Second Amended Complaint, filed in the U.S. District Court for the Southern District of New York, dated May 6, 2019 (*Ray* Docket No. 139); (3) a Notice of Suit, pursuant to 22 C.F.R. 93.2, dated May 10, 2019, along with the text of FSIA, 28 U.S.C. § 1602, *et seq*.; and, (4) Amended Summons in a Civil Action, dated August 7, 2019 (*Ray* Docket No. 172).  Plaintiffs' hand-delivery to the Foreign Mailings Clerk of Court for the United States District Court for the Southern District of New York also included translations of each document into Farsi and certified affidavits by the translators.  *Id.*

The fourth method of service under the FSIA, should service under §1608(a)(3) not be effectuated, is service through diplomatic channels via the U.S. Department of State pursuant to either §1608(a)(4) or §1608(b)(3)(A).  In the companion case of *Havlish, et al. v. bin Laden, et al.*, S.D.N.Y 1:03 Civ. 09848 (GBD)(FM), Mr. William P. Fritzlen, Attorney Advisor, Overseas Citizens Services, Office of Legal Affairs of the U.S. Department of State previously informed the S.D.N.Y. Clerk of Court via correspondence that service would only be effectuated on eight of the sixteen *Havlish* defendants.  *See* letter by William P. Fritzlen to Ruby J. Krajick, Clerk of Court dated January 25, 2013, attached to the accompanying motion as **EXHIBIT B**.  The eight Defendants that the State Department would not serve were considered "agencies and instrumentalities" by the Department of State and, therefore, the District Court was first be required to issue letters rogatory under 28 U.S.C. §1608(b)(3)(A) in order for the Department of State to assist with service on the following Defendants: (1) Ayatollah Ali Hoseini-Khamenei, Supreme Leader of Iran; (2) Ali Akbar Hashemi Rafsanjani, then-Chairman, Expediency Discernment Counsel and former President of Iran; (3) National Iranian Oil Company; (4) National Iranian Tanker Company; (5) National Iranian Gas Company; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and, (8) Hezbollah.  The *Havlish* Plaintiffs filed a motion and memorandum of law for issuance of letters rogatory in the *Havlish* litigation, which this Court granted on April 9, 2013.  *See Havlish, et al. v. bin Laden, et al.*, S.D.N.Y. 1:03-cv-9848 (GBD)(FM), *Havlish* Docket No. 376.

In the companion case of *Hoglan, et al. v. Iran, et al.*, the *Hoglan* Plaintiffs filed a motion and memorandum of law for issuance of Letters Rogatory for service of their initial pleadings on October 25, 2013 (*Hoglan* Docket No. 63; Memorandum of Law, *Hoglan* Docket 64), which this Court granted on November 27, 2013.  *See Hoglan* Docket No. 66.  The *Hoglan* Plaintiffs also

8

filed a motion and memorandum of law for issuance of Letters Rogatory for diplomatic service of their final compensatory damages judgment on September 18, 2018 (*Hoglan* Docket 282; Memorandum of Law, 283) which was granted on January 7, 2019 (*Hoglan* Docket 293).

The *Ray* Plaintiffs now come and respectfully request that this Court again issue Letters Rogatory so that required service of the Second Amended Complaint and accompanying service documents upon the agency and instrumentality defendants can be effectuated with the assistance of the United States Department of State.

IV.   LEGAL ARGUMENT

    A.   THE ISSUANCE OF LETTERS ROGATORY BY THIS COURT IS NECESSARY FOR THE *RAY* PLAINTIFFS TO COMPORT WITH THE SERVICE REQUIREMENTS OF THE FSIA

"FSIA Plaintiffs are… required by statute to serve their initial complaint and summons upon defendants, 28 U.S.C. §1608(a), and because defendants in these cases often cannot be served by traditional methods, plaintiffs must rely on – and pay – the State Department for such service. *Id.* at §1608(a)(4)." *Murphy v. Islamic Republic of Iran*, 778 F.Supp.2d 70, *FN* 1. (D.D.C. 2011). This requirement of service "ensure[s] that having been served with an initial complaint and declining to participate in the litigation[,] a foreign state or entity remains protected by the requirement that a plaintiff substantiate her claim" and that foreign property interests are preserved "by insisting upon prompt notification of any entry of judgment that might put such interests at risk." *Murphy*, 778 F.Supp.2d at 72.

Rather than serve all of the sovereign defendants in their action, the *Murphy* plaintiffs requested that they be permitted to serve only Iran with the judgment, since the other defendants in the case were found to be the equivalent of Iran for purposes of liability. The *Murphy* plaintiffs also proposed to only attach and execute upon property of Iran itself, in lieu of serving

9

each individual Iranian defendant with notice of their judgment. The court rejected both requests, holding that <u>all</u> sovereign defendants in an FSIA action must be served with the judgment in order to comply with not only the provisions regarding service, but the provisions regarding attachment of, and execution upon, defendants' property: "Had Congress wished to selectively choose those defendants upon which they would serve then seek enforcement, it would have provided such a mechanism. It did not…[t]hus, no Order permitting the execution of plaintiffs' judgment will be entered in this case until all defendants have been served with the final judgment and given an opportunity to respond." *Id; see also*, *Antoine, et al. v. Atlas Turner, Inc., et al.*, (6th Cir. 1995) 66 F.3d 105 at 109 ("[28 U.S.C. §1608, *et seq*.] requires that any judgment, including judgments against agencies and instrumentalities or political subdivisions… should be sent to the foreign state.").

Thus, the *Ray* Plaintiffs, both under statutory and case law, are obligated to serve all Defendants in this action with their Second Amended Complaint and accompanying service documents. For this reason, the *Ray* Plaintiffs respectfully request that this Court issue the requisite Letters Rogatory that will allow the Department of State to request the assistance of the Islamic Republic of Iran in serving the eight (8) remaining un-served *Ray* Defendants.

V.   **CONCLUSION**

For the reasons stated above, the *Ray* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Ray* Plaintiffs' Motion to Request for the issuance of Letters Rogatory so that the *Ray* Plaintiffs' Second Amended Complaint and supporting documents and translations be served on agency and instrumentality defendants through the Iranian Ministry of Foreign Affairs.

The issuance of Letters Rogatory by this Court will assist the *Ray* Plaintiffs in effectuating service of the Second Amended Complaint documents upon all of the *Ray* Defendants.

Respectfully submitted,

Date: October 12, 2020                             _____/s/_____

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1211 Connecticut Avenue, N.W.
Suite 420
Washington, D.C. 20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS *(Lead Counsel)*
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
3905 Vincennes Road #303
Indianapolis, IN 46268
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
FOOTE, MIELKE, CHAVEZ
& O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
(630) 232-7450

*Attorneys for all of the* Ray *Plaintiffs*

and

Robert A. O'Hare Jr. (New York Bar No. 2601359)
Andrew C. Levitt (New York Bar No. 2734465)
O'HARE PARNAGIAN LLP
82 Wall Street, Suite 300
New York, NY  10005
(212) 425-1401

*Co-Counsel for Plaintiffs Anthony Behette; Harley DiNardo; Ester DiNardo; Pio DiNardo; Andrew Economos, Individually; Andrew Economos, as Co-Executor of the Estate of Leon Economos; Olga Valinotti, Individually; Olga Valinotti, as Co-Executor of the Estate of Leon Economos; Constance Finnicum; George Gabrielle a/k/a Gabe Gabrielle; Mary Ellen Murach, Individually; Mary Ellen Murach, as Executor of the Estate of Edward John Murach; Richard J. Murach; and Katharine Tynion*