**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

: **MOTION TO REQUEST THE ISSUANCE OF LETTERS**
: **ROGATORY**

: 1:**03 MDL 1570 (GBD)(SN)**

:

------------------------------------------------------------------X

**This Document Relates to**
*Ryan, et al. v. Iran, et al.*
**1:20-cv-0266 (GBD)(SN)**

The *Ryan* Plaintiffs, through counsel, hereby respectfully submit this Motion to Request the Issuance of Letters Rogatory in the interest of justice, and in support thereof, aver the following:

1. The *Ryan* Plaintiffs request issuance of letters rogatory directing the U.S. State Department to serve the Complaint, Notice of Suit, Summons, a cover letter and certified translations of each in *Ryan, et al. v. Iran, et al.,* 1:20-cv-0266 (GBD)(SN) on the Minister of Foreign Affairs for the Islamic Republic of Iran. A copy of the proposed Letter Rogatory is attached hereto as **EXHIBIT A**.[1]

2. The *Ryan* Plaintiffs once again request a determination by this Court that ALL sixteen (16) *Ryan* Defendants can be served through the United States Department of State, through diplomatic channels pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1608(a)(4) or 28 U.S.C. §1608 (b)(3)(A).

---

[1] The *Ryan* Plaintiffs request eight (8) duplicate copies of this proposed letter rogatory.

{00956203/}

3. The *Ryan* Plaintiffs filed their Complaint on January 10, 2020 (*Ryan* Docket No. 1). Included in Plaintiffs' Complaint are the government of the Islamic Republic of Iran and seven (7) political subdivisions of the government of Iran within the meaning of the FSIA. The seven (7) political subdivision Defendants are: (1) The Iranian Ministry of Information and Security; (2) The Islamic Revolutionary Guard Corps; (3) The Iranian Ministry of Petroleum; (4) The Iranian Ministry of Economic Affairs and Finance; (5) The Iranian Ministry of Commerce; (6) The Iranian Ministry of Defense and Armed Forces Logistics; and, (7) The Central Bank of the Islamic Republic of Iran. *Id*., ¶¶ 70-75, 76(c)-(g).

4. Also included in the *Ryan* Plaintiffs' Complaint are six (6) agencies and instrumentalities of the government of Iran that also provided material support to al-Qaeda in carrying out the terrorist attacks of September 11, 2001. The six (6) agency or instrumentality Defendants are: (1) National Iranian Tanker Corporation; (2) National Iranian Oil Corporation; (3) National Iranian Gas Corporation; (4) National Iranian Petrochemical Company; (5) Iran Airlines; and, (6) Hezbollah. *Id*., ¶ 77(b)-(h).

5. In addition, the *Ryan* Plaintiffs' Complaint includes two (2) former officials of the government of Iran: (1) Ayatollah Ali Khamenei, Supreme Leader of Iran: and, (2) the Estate of Akbar Hashemi Rafsanjani, former Chairman of the Expediency Discernment Counsel and former President of Iran. *Id*., ¶¶ 76(a)-(b).

6. Section 1608(a) of the FSIA governs service on political subdivisions of a foreign state. Subsection (a) lists several methods of service in descending order of preference. The first two (2) methods of service in both subsections (a) and (b) are not applicable to the Islamic Republic of Iran.[2]

---

[2] The first two methods of service of initial pleading documents are "in accordance of a special arrangement for service between the plaintiff and the foreign state" or, if no special arrangement exists, by delivery of the documents "in

7. The third method of service under Section 1608(a) requires that a party such as the *Ryan* Plaintiffs send a copy of the initial pleading materials, together with certified translations into Farsi, to Iran "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of court." 28 U.S.C. §1608(a)(3).

8. Section 1608(b) governs service on a foreign state's agencies and instrumentalities. Section 1608(b) provides multiple, alternative methods of service. As with service on political subdivisions under 1608(a), the first two alternatives authorized by Section 1608(b) are not applicable to Iran or its agencies and instrumentalities.[3]

9. When the first two alternative methods are unavailable, Section 1608(b) authorizes plaintiffs to serve a foreign state's agencies and instrumentalities in any of three alternative ways. Plaintiffs are authorized to serve agencies and instrumentalities by letter

---

accordance with an applicable international convention on service of judicial documents." 28 U.S.C. §1608(a)(1)-(2). No "special arrangement" for service of initial pleading documents exists between the *Ryan* Plaintiffs and Iran. Indeed, Iran has never appeared to defend *any* claim in the courts of the United States brought by plaintiffs under the state sponsor of terrorism exception to sovereign immunity found at 28 U.S.C. §1605A. Further, Iran is not a signatory to any "applicable international convention on service of judicial documents." *See* Website of Hague Conference for Private International Law, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Members of the Organization at http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (*last accessed June 21, 2021*). *See also* United States District Court for the Southern District of New York, Foreign Mailing Instructions, pp. 5-6, at https://www.nysd.uscourts.gov/sites/default/files/2019-11/Foreign_Mailing_Instructions.pdf (*last accessed June 21, 2021*).

[3] The first two methods of service of initial pleading documents under Section 1608(b) are (1) "in accordance of a special arrangement for service between the plaintiff and the agency or instrumentality," 28 U.S.C. §1608(b)(1), and (2) if no special arrangement exists, "by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. §1608(b)(2). No "special arrangement" for service of initial pleading documents exists between the *Ryan* Plaintiffs and any of the Agency and Instrumentality Defendants. Further, Iran is not a signatory to any "applicable international convention on service of judicial documents." *See* Website of Hague Conference for Private International Law, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Members of the Organization at http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (*last accessed June 21, 2021*). *See also* United States District Court for the Southern District of New York, Foreign Mailing Instructions, pp. 5-6, at https://www.nysd.uscourts.gov/sites/default/files/2019-11/Foreign_Mailing_Instructions.pdf (*last accessed June 21, 2021*).

rogatory, 28 U.S.C. §1608(b)(3)(A); by mail, returned receipt requested, 28 U.S.C. §1608(b)(3)(B); or by any other means the court authorizes. 28 U.S.C. §1608(b)(3)(C).

10. On March 19, 2021, counsel for the *Ryan* Plaintiffs hand-delivered seventeen (17) packages (one for each *Ryan* defendant plus a second service package directed to Defendant the Bank of Iran at an alternate address in Tehran) to the Foreign Mailings Clerk of Court for the Southern District of New York, who then dispatched all seventeen (17) packages provided by the *Ryan* Plaintiffs to Tehran, Iran via the United States Postal Service in compliance with Section 1608(a)(4), for the Political Subdivision Defendants, and Section 1608(b)(3)(B), for the Agency and Instrumentality Defendants. *See Ryan* Doc. No.s 27 through; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No.s 6688 through 6697 and 6715 through 6721).

11. The documents were sent to all *Ryan* defendants by U.S. Mail requiring a signed receipt, addressed and dispatched by the Clerk of Court pursuant to 28 U.S.C. §1608(a)(3), were: (1) a cover letter; (2) the Complaint, filed in the U.S. District Court for the Southern District of New York, dated January 10, 2020 (*Ryan* Docket No. 1); (3) Notice of Suit, pursuant to 22 C.F.R. 93.2, along with the text of FSIA, 28 U.S.C. § 1602, *et seq*.; and, (4) Summons in a Civil Action dated January 13, 2020 (*Ryan* Docket No. 6) and an Amended Summons dated July 31, 2020 (*Ryan* Docket No.17). The *Ryan* Plaintiffs' hand-delivery to the Foreign Mailings Clerk of Court for the United States District Court for the Southern District of New York also included translations of each document into Farsi and affidavits by the translators.

12. If service by any form of mail requiring a signed receipt, addressed and dispatched by the clerk of court pursuant to §1608(a)(3) or §1608(b)(3)(B) is unsuccessful, the fourth method of service authorized under the FSIA is service through diplomatic channels via

the Unite States Department of State pursuant to §1608(a)(4), for the Political Subdivision Defendants, and Section 1608(b)(3)(A), for the Agency and Instrumentality Defendants.

13. On July 26, 2021, the *Ryan* Plaintiffs caused the Clerk of this Court to dispatch to the U.S. State Department the *Ryan* pleadings and related documents for service upon each of Political Subdivision Defendants through diplomatic channels pursuant to 28 U.S.C. §1608(a)(4). The SDNY Clerk posted notices of these dispatches on the *Ryan* docket on July 6, 2021. *Ryan* Doc. Nos. 45-52. Notices of these dispatches was posted on the SDNY *In Re: 9/11 Terrorist Attacks*, MDL docket on July 12, 2021 at Doc. No.s 6939 through 6946.

14. In the companion case of *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM), William P. Fritzlen of the U.S. Department of State corresponded with the S.D.N.Y. Clerk of Court to inform the Clerk that the Department of State was empowered to serve "a foreign state or a political subdivision of a foreign state" without letters rogatory. The eight (8) Defendants the State Department determined it could serve without letters rogatory were: (1) the Islamic Republic of Iran; (2) The Iranian Ministry of Information and Security; (3) The Islamic Revolutionary Guard Corps; (4) The Iranian Ministry of Petroleum; (5) The Iranian Ministry of Economic Affairs and Finance; (6) The Iranian Ministry of Commerce; (7) The Iranian Ministry of Defense and Armed Forces Logistics; and, (8) The Central Bank of the Islamic Republic of Iran. A copy of the letter by William P. Fritzlen, U.S. Department of State, to Ruby J. Krajick, Clerk of Court, dated January 25, 2013, is attached hereto as **EXHIBIT B**.

15. Mr. Fritzlen informed the SDNY Clerk that the State Department could serve the remaining eight (8) *Havlish* Defendants only if the Court issued letters rogatory, pursuant to 28 U.S.C. §1608(b)(3)(A). *Id* The eight (8) defendants that the State Department required letters rogatory to serve were: (1) Ayatollah Ali Hoseini Khamenei, Supreme Leader of Iran; (2) Ali

Akbar Hashemi Rafsanjani, then-Chairman of the Expediency Discernment Counsel and former President of Iran; (3) National Iranian Tanker Corporation; (4) National Iranian Oil Corporation; (5) National Iranian Gas Corporation; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and, (8) Hezbollah. *Id.*

16. Based on the State Department position, the Plaintiffs in the companion case of *Havlish, et al. v. bin Laden, et al.*, filed a motion and memorandum of law for issuance of letters rogatory for the same eight (8) "agency and instrumentality" defendants as in the instant litigation, which this Court granted on April 9, 2013. *See Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM), Document No. 376; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No. 2714.

17. Based on this same State Department position, the Plaintiffs in the companion case of *Hoglan, et al. v. Iran, et al.* also filed a Motion and Memorandum of Law for Issuance of Letters Rogatory in that litigation for service of their initial pleadings on October 25, 2013, which this Court granted on November 27, 2013. *See Hoglan, et al. v. Iran, et al.*, 1:11-cv-07550 (GBD)(SN), Document No. 66; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No. 2802.

18. The *Hoglan* Plaintiffs also filed a motion and memorandum of law for issuance of letters rogatory for diplomatic service of their final compensatory damages judgment on September 18, 2018 (*Hoglan* Document No. 282; Memorandum of Law at Document No. 283; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No.s 4184 and 4185) which was granted on January 7, 2019 (*Hoglan* Document No. 293; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No. 4338).

19. In the related companion case of *Ray, et al. v. Iran, et al.*, S.D.N.Y. 1:19-cv-00012 (GBD)(SN), the *Ray* plaintiffs filed a motion and memorandum of law for issuance of letters rogatory for service of their initial pleadings on October 14, 2020 (*Ray* Doc. No. 63;

{00956203/}  6

Memorandum of Law, *Ray* Doc. No. 64; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No.s 6499 and 6500), which this Court granted on November 5, 2020. *See Ray* Doc. No. 233; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No. 6525.

20. Please also see accompanying Memorandum of Law in Support of Plaintiffs' Motion to Request the Issuance of Letters Rogatory.

**WHEREFORE,** the *Ryan* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Ryan* Plaintiffs' Request for the Issuance of Letters Rogatory for the following Defendants: (1) National Iranian Tanker Corporation; (2) National Iranian Oil Corporation; (3) National Iranian Gas Corporation; (4) National Iranian Petrochemical Company; (5) Iran Airlines; (6) Hezbollah, (7) Ayatollah Ali Khamenei, Supreme Leader of Iran; and, (8) the Estate of Akbar Hashemi Rafsanjani, former Chairman of the Expediency Discernment Counsel and former President of Iran empowering the United States Department of State to forward to the Minister of Foreign Affairs for the Islamic Republic of Iran all of the *Ryan* Plaintiffs' initial service documents.

Respectfully submitted,

**BEGLEY, CARLIN & MANDIO, LLP**

Date:  September 22, 2021       By:       */s       Stephen A. Corr*

Stephen A. Corr, Esquire
Pa. Bar No. 65266
680 Middletown Boulevard
Langhorne, PA  19047
(215) 750-0110
scorr@begleycarlin.com