UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-1570 (GBD)(SN)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/2021

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Ryan, et al. v. Iran, et al., No. 20-cv-0266
    Ray, et al. v. Iran, et al., No. 19-cv-00012

The Court has received the Ryan plaintiffs' letter requesting that it authorize service of process on agencies, instrumentalities, and individual government officials of the Islamic Republic of Iran using the diplomatic service procedures of 28 U.S.C. 1608(a)(4) of the Foreign Sovereign Immunities Act ("FSIA"). ECF No. 7367. Given the questions raised by this request, the Court directs the Ryan and Ray plaintiffs to file a supplemental letter by December 21, 2021.

"[T]he Supreme Court in Samantar v. Yousuf, 560 U.S. 305 (2010), clearly held that the FSIA governs only claims brought against foreign states, not foreign officials." Strange v. Islamic Republic of Iran, No. 14-cv-435 (CKK), 2016 WL 10770678, at *5 (D.D.C. May 6, 2016). Thus, when a party attempts to sue a foreign official on a theory of individual liability, the appropriate mechanism for service is the procedure in Federal Rule of Civil Procedure 4(f). See, e.g., Afr. Growth Corp. v. Republic of Angola, No. 17-cv-2469 (BAH), 2019 WL 3253367, at *9 (D.D.C. July 19, 2019), appeal dismissed, No. 19-7090, 2019 WL 6218805 (D.C. Cir. Oct. 23, 2019) (finding that personal jurisdiction was not established where individuals were served using the FSIA's procedures for agents and instrumentalities).

"[S]ome actions against an official in his official capacity," however, "should be treated as actions against the foreign state itself, as the state is the real party in interest." <u>Samantar</u>, 560 U.S. at 325. Thus, for example, where any damages in a successful suit would be paid by the government rather than out of an individual's "own pockets," service via the FSIA may be appropriate. <u>See, e.g.</u>, <u>Odhiambo v. Republic of Kenya</u>, 930 F. Supp. 2d 17, 35 (D.D.C. 2013), aff'd, 764 F.3d 31 (D.C. Cir. 2014) (service was appropriate under the FSIA because "any damages that [plaintiffs] recovers in this suit will be payable by the Kenyan government and not from the individual defendants' 'own pockets'"), <u>see also</u> <u>Samantar</u>, 560 U.S. at 325 ("[W]e think this case, in which respondents have sued petitioner in his personal capacity and seek damages from his own pockets, is properly governed by the common law because it is not a claim against a foreign state.")

The plaintiffs' supporting memorandum of law does not analyze the implications of <u>Samantar</u>'s limits on using the FSIA's to serve individuals. Faced similar circumstances, courts have directed the filing of supplemental briefings indicating whether, given <u>Samantar</u>'s restrictions, the mechanisms of the FSIA are appropriate. <u>See, e.g.</u>, <u>Strange</u>, 2016 WL 10770678, at *5. ("As Plaintiffs did not engage with the Supreme Court's holding in <u>Samantar</u> in their Supplemental Brief, the Court shall afford Plaintiffs the opportunity to inform the Court whether or not the Court has misinterpreted the nature of Plaintiffs' allegations against Defendants Ahmadinejad and Khamenei [permitting service under the FSIA].")

Therefore, the <u>Ryan</u> plaintiffs shall file a supplemental letter by December 21, 2021, addressing <u>Samantar</u>'s implications for service on the defendants identified in their motion at ECF No. 7367. The letter shall also indicate if the <u>Ryan</u> plaintiffs intend to seek damages directly from the two individuals identified in that order.

     While the motion at ECF No. 7367 pertains only to the Ryan plaintiffs, the Ray plaintiffs have made substantially similar claims to the Ryan plaintiffs. See, e.g., ECF Nos. 6755, 6525. They also have, and likely will continue to rely on the provisions of the FSIA to effect service on Iranian agencies, instrumentalities, and officials. Accordingly, in the interest of judicial economy, the Ray plaintiffs shall either join in the letter filed by the Ryan plaintiffs or submit their own by the same date.

**SO ORDERED.**

DATED:    New York, New York  
              December 8, 2021

                                                  SARAH NETBURN  
                                                United States Magistrate Judge