**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001    :
:
:   **CLERK'S CERTIFICATE OF**
:   **DEFAULT PURSUANT TO**
:   **LOCAL CIVIL RULE 55.1**
:
:   **1:03 MDL 1570 (GBD)(SN)**
:
------------------------------------------------------------------X

**This Document Relates to**
*Ray, et al. v. Iran, et al.*
**1:19-cv-00012 (GBD)(SN)**

      I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on January 2, 2019 with the filing of a Complaint naming the following as *Ray* Defendants: (1) Islamic Republic of Iran; (2) Iran's Ministry of Information and Security; (3) Islamic Revolutionary Guard Corps; (4) Iran's Ministry of Petroleum; (5) Iran's Ministry of Economic Affairs and Finance; (6) Iran's Ministry of Commerce; (7) Iran's Ministry of Defense and Armed Forces Logistics; (8) Central Bank of the Islamic Republic of Iran; (9) National Iranian Oil Company; (10) National Iranian Tanker Company; (11) National Iranian Gas Company; (12) National Iranian Petrochemical Company; (13) Iran Airlines; (14) Hezbollah; (15) Ayatollah Ali Hoseini-Khamenei; and, (16) the Estate of Ali Akbar Hashemi Rafsanjani, Deceased (*Ray* Docket No. 1[1]).  In this action , the *Ray* Plaintiffs are proceeding against Defendants Ayatollah Ali Hoseini-Khamenei and the Estate of Ali Akbar

---

[1] On February 7, 2020, the *Ray* Plaintiffs moved for leave to file matters pertaining to obtaining a default judgment on the *Ray* docket only (*Ray* Doc. No. 205; MDL Doc. No. 5886) and that motion was granted on February 11, 2020 (*Ray* Doc. No. 206; MDL Doc. No. 5899).

Hashemi Rafsanjani, Deceased, only in their Government Official capacities, pursuant to the Foreign Sovereign Immunities Act ("FSIA").

An Amended Complaint was filed on January 31, 2019 (*Ray* Doc. No. 46) and a Second Amended Complaint was filed on May 6, 2019 (*Ray* Doc. No. 139).

I.  **Service By United States Postal Service Pursuant to 28 U.S.C. §§ 1608(a)(3) and 1608(b)(3)(B).**

Copies of the *Ray* Second Amended Complaint, Amended Summons, a Notice of Suit with a copy of the FSIA, individual cover letters and certified translations of each document in Farsi (hereinafter, the *Ray* "Service Documents") were served on each of the sixteen (16) *Ray* Defendants via registered mail requesting return receipts through the United States Postal Service, dispatched by the SDNY Clerk of Court.

In August of 2019, counsel for the *Ray* Plaintiffs hand-delivered eight (8) packages containing the Service Documents (one for each of the *Ray* Political Subdivision Defendants[2]) to the Foreign Mailings Clerk of Court for the Southern District of New York, who then dispatched all eight (8) packages of Service Documents to Tehran, Iran, via the United States Postal Service ("USPS"), pursuant to FSIA § 1608(a)(3), on August 28, 2019.  *See Ray* Doc. Nos. 173-179; MDL Doc. Nos. 5004, 5005, 5007-09, 5011, 5012, 5019.  The eight (8) *Ray* Political Subdivision Defendants were all served care of H.E. Mohammad Javad Zarif, then-Minister of Foreign Affairs, at the Ministry of Foreign Affairs of the Republic of Iran on Imam Khomeini Street in Tehran, Iran.

---

[2] Pursuant to U.S.C. § 1608(a), the *Ray* Foreign State and/or Political Subdivisions of a Foreign State Defendants (hereinafter, the "Political Subdivision Defendants") are: (1) Islamic Republic of Iran; (2) Iran's Ministry of Information and Security; (3) Islamic Revolutionary Guard Corps; (4) Iran's Ministry of Petroleum; (5) Iran's Ministry of Economic Affairs and Finance; (6) Iran's Ministry of Commerce; (7) Iran's Ministry of Defense and Armed Forces Logistics; and, (8) Central Bank of the Islamic Republic of Iran.

On September 10, 2019, counsel for the *Ray* Plaintiffs hand-delivered nine (9) additional packages containing the Service Documents (one for each *Ray* Agency and Instrumentality Defendant[3], plus a second set of Service Documents directed to an alternate address for *Ray* Defendant the Central Bank of Iran) to the Foreign Mailings Clerk of Court for the SDNY, who docketed and then dispatched all nine (9) packages containing the Service Documents to Tehran, Iran via the USPS pursuant to FSIA §1608(b)(3)(B).  The eight (8) *Ray* Agency and Instrumentality Defendants were all served at their respective corporate headquarters in Iran or at the Ministry of Foreign Affairs in Iran. [4]  *See Ray* Docket Nos. 180-189.  *See also*, EXHIBIT A to Affidavit of Service by Timothy B. Fleming, dated February 6, 2020 (*Ray* Doc No. 204-1) (hereinafter, the "Fleming Feb. 2020 Aff.").

All seventeen (17) of the *Ray* Service Documents packages that were sent to Iran via the United States Postal Service ("USPS") pursuant to 28 U.S.C. §§ 1608(a)(3) and 1608(b)(3)(B) were returned to counsel for the *Ray* Plaintiffs as rejected by the addressees.  Each of the sixteen (16) packages was opened, apparently by the addressee or his agent(s), because the packages were returned to Plaintiffs' counsel by the U.S. Postal system, repackaged in plastic, with the original envelopes all having been opened previously.  Each package was marked as "Refused"

---

[3] Pursuant to U.S.C. § 1608(b), the *Ray* Agency and/or Instrumentality of a Foreign State Defendants (hereinafter, the "Agency and Instrumentality Defendants") are: (1) National Iranian Oil Company; (2) National Iranian Tanker Company; (3) National Iranian Gas Company; (4) National Iranian Petrochemical Company; (5) Iran Airlines; and, (6) Hezbollah; (7) Ayatollah Ali Hoseini-Khamenei; and, (8) the Estate of Ali Akbar Hashemi Rafsanjani, Deceased.

[4] The *Ray* Service Documents were sent by the SDNY Clerk of Court to seven (7) of the *Ray* Agency and Instrumentality Defendants, pursuant to 28 U.S.C. §1608(b)(3), under cover letter of the Clerk of the Court dated August 27, 2019.  The Clerk posted on the docket Certificates of Mailing documenting this dispatch on the following day, August 28, 2019.  Because one of the envelopes that had been provided by Plaintiffs' counsel (specifically, the one addressed to the Ministry of Petroleum, *c/o* the Minister of Foreign Affairs of Iran) was inadvertently torn during the process of the dispatch and had to be replaced by counsel for the *Ray* Plaintiffs, the *Ray* Service Documents were sent by the SDNY Clerk to Defendant Iran's Ministry of Petroleum by a mailing requiring a signature, pursuant to 28 U.S.C. §1608(b)(3)(B), on September 18, 2019.  The SDNY Clerk posted a Certificate of Mailing of such dispatch on October 4, 2019.  *See Ray* Doc. No. 181.  *See also*, EXHIBIT B to Fleming Feb. 2020 Aff. at *Ray* Doc. No. 204-2.

by the addressee.  *See* photographs of returned USPS packages at EXHIBIT C to Fleming Feb. 2020 Aff. at *Ray* Doc No. 204-3.

**II.     Service By The United States Department of State Pursuant to 28 U.S.C. §§ 1608(a)(4) and 1608(b)(3).**

Because none of the *Ray* Defendants accepted service through registered mail, copies of the *Ray* Service Documents were subsequently served on all of the *Ray* Defendants through diplomatic channels via the U.S. Department of State, pursuant to the FSIA.  In conformity with 28 U.S.C. 1608(a)(4), counsel for the *Ray* Plaintiffs hand-delivered the *Ray* Service Documents again to the SDNY Clerk of Courts to be served upon each of the eight (8) *Ray* Political Subdivision Defendants through diplomatic process.  On October 29, 2019, the Clerk sent to the United States Department of State, via Federal Express, in separate packages, the *Ray* Service Documents for the eight (8) *Ray* Political Subdivision Defendants.  These packages were accompanied by individual cashiers' checks from Plaintiffs' counsel for the payment of the requisite State Department fees.  The SDNY Clerk posted notices of these dispatches on the docket on that same date, October 29, 2019.  *Ray* Doc. Nos. 191-198.

The United States Department of State, via the Foreign Interests Section of the Embassy of the Swiss Confederation in Tehran, Iran, attempted diplomatic service of the *Ray* Service Documents on all eight (8) *Ray* Political Subdivision Defendants on December 4, 2019.  Such service of process was refused as to all eight (8) *Ray* Political Subdivision Defendants that same day.  The U.S. State Department sent to the SDNY Clerk a letter confirming the service attempt on December 26, 2019, which is attached as EXHIBIT D to the Fleming Feb. 2020 Aff. at *Ray* Doc. No. 204-3, together with the Swiss Special Authentication Certificates (*a/k/a* "diplomatic notes") demonstrating that such diplomatic service was attempted in accordance with the FSIA and was rejected by the *Ray* Political Subdivision Defendants.  The diplomatic notes from the

4

Swiss Confederation are attached as EXHIBITS E and F to the Fleming Feb. 2020 Aff. at *Ray* Doc. Nos. 204-4 and 204-5.  The State Department also attached receipts for the payment of the requisite fees for diplomatic service for each of the eight (8) Defendants, which are attached as EXHIBIT G to the Fleming Feb. 2020 Aff. at *Ray* Doc. No. 204-6.  The Clerk posted notice of such diplomatic service for each of the eight (8) Defendants on the *Ray* docket on January 7, 2020, without docket numbers.

This Court issued a Certificate of Default against each of the *Ray* Political Subdivision Defendants only on February 12, 2020.  *See Ray* Docket 209.  *See also*, the notarized Fleming Feb. 2020 Aff. at *Ray* Doc No. 204, dated February 7, 2020, and all supporting exhibits attached thereto.

After acquiring the required Letters Rogatory from this Court on November 5, 2020 (*Ray* Doc. No. 233; MDL Doc. No. 6525), and after having those Letters Rogatory translated into Farsi and getting the translations certified, the *Ray* Plaintiffs proceeded to serve the *Ray* Agency and Instrumentality Defendants through the State Department, pursuant to the FSIA.  The *Ray* Service Documents were again hand-delivered by Plaintiffs' counsel to the SDNY Foreign Mailings Clerk.  Plaintiffs moved for and were granted leave that all of the Service Documents that are to be served by the Department of State - including on the *Ray* Agency and Instrumentality 28 U.S.C. §1608(b) Defendants - shall be docketed and forwarded directly to the State Department by the SDNY Clerk's Office in accordance with the 28 U.S.C. §1608(a)(4) procedures and protocols (Order dated April 20, 2021; *Ray* Doc. No. 238; MDL Doc. No. 6755).

Two sets of each of the *Ray* Agency and Instrumentality Defendants' Service Documents were subsequently sent to the U.S. State Department in individual Federal Express packages by the SDNY Clerk on April 28, 2021.  These packages were accompanied by individual cashiers'

5

checks from Plaintiffs' counsel for the payment of the requisite State Department fees. Certificates of Mailing from the Clerk of Court to the State Department in Washington, D.C. were docketed for each of these eight (8) *Ray* Agency and Instrumentality Defendants on April 28, 2021. *See Ray* Doc. Nos. 239-246; MDL Doc. Nos. 6772, 6777-9, 6781-4.

The *Ray* Service Documents were eventually served on the eight (8) *Ray* Agency and Instrumentality Defendants, with assistance from the Swiss government, on March 15, 2023. *See* Special Authentication Certificates from the Federal Department of Foreign Affairs of the Confederation of Switzerland, dated April 4, 2023, attesting to delivery attempts of the *Ray* Service Documents on the eight (8) *Ray* Agency and Instrumentality Defendants in Iran. These diplomatic notes are attached as EXHIBIT A to the Affidavit of Dennis G. Pantazis, Esquire, filed in this matter on November 8, 2023. *See also,* SDNY Clerk Certificates of attempted service, dated July 20, 2023, on *Ray* Doc. at Nos. 301, 303, 305-308; MDL Doc. Nos. 9217-9224.

I further certify that the docket entries at the SDNY indicate that none of the sixteen (16) *Ray* Defendants have filed an Answer or otherwise moved with respect to the Second Amended Complaint.

The default of ALL sixteen (16) *Ray* Defendants is hereby entered.

Date: __November 8, 2023__
New York, New York

_____
RUBY J. KRAJICK
Clerk of Court

# EXHIBIT A

## TO *RAY* PLAINTIFFS' PROPOSED CLERK'S CERTIFICATE OF DEFAULT

## PLAINTIFFS' APPLICATION FOR CERTIFICATE OF DEFAULT

## PURSUANT TO LOCAL CIVIL RULE 55.1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001   :
:
:   **APPLICATION FOR**
:   **CERTIFICATE OF**
:   **DEFAULT PURSUANT TO**
:   **LOCAL CIVIL RULE 55.1**
:
:   **1:03 MDL 1570 (GBD)(SN)**
:
------------------------------------------------------------------X

**This Document Relates to**
*Ray, et al. v. Iran, et al.*
**1:19-cv-00012 (GBD)(SN)**


TO THE CLERK OF COURT:

NOW COME the *Ray* Plaintiffs, through counsel, and respectfully submit this Application for Certificate of Default Pursuant to Local Civil Rule 55.1. Plaintiffs rely on the Affidavit of Dennis G. Pantazis, Esquire, and the exhibit thereto, filed contemporaneously herewith, in making this Application.

1.  The Defendants upon which the *Ray* Plaintiffs seek a default judgment are the following: (1) Islamic Republic of Iran; (2) Iran's Ministry of Information and Security; (3) Islamic Revolutionary Guard Corps; (4) Iran's Ministry of Petroleum; (5) Iran's Ministry of Economic Affairs and Finance; (6) Iran's Ministry of Commerce; (7) Iran's Ministry of Defense and Armed Forces Logistics; (8) Central Bank of the Islamic Republic of Iran; (9) National Iranian Oil Company; (10) National Iranian Tanker Company; (11) National Iranian Gas Company; (12) National Iranian Petrochemical Company; (13) Iran Airlines; (14) Hezbollah; (15) Ayatollah Ali Hoseini-Khamenei; and, (16) the Estate of Ali Akbar Hashemi Rafsanjani,

Deceased.  The *Ray* Plaintiffs are proceeding against Defendants Ayatollah Ali Hoseini-Khamenei and the Estate of Ali Akbar Hashemi Rafsanjani, Deceased, only in their Government Official capacities, under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.*

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date:  November 8, 2023 | _____/s/_____ |
|  | Timothy B. Fleming (DC Bar No. 351114) |
|  | WIGGINS CHILDS PANTAZIS |
|  | FISHER GOLDFARB PLLC |
|  | 2202 18th Street, NW, #110 |
|  | Washington, D.C.  20009-1813 |
|  | Washington, D.C.  20036 |
|  | (202) 467-4489 |
|  |  |
|  | Dennis G. Pantazis (AL Bar No. ASB-2216-A59D) |
|  | WIGGINS CHILDS PANTAZIS *(Lead Counsel)* |
|  | FISHER GOLDFARB LLC |
|  | The Kress Building |
|  | 301 19th Street North |
|  | Birmingham, AL   35203 |
|  | (205) 314-0500 |
|  |  |
|  | Richard D. Hailey (IN Bar No. 7375-49) |
|  | Mary Beth Ramey (IN Bar No. 5876-49) |
|  | RAMEY & HAILEY |
|  | 3905 Vincennes Road #303 |
|  | Indianapolis, IN  46268 |
|  | (317) 582-0000 |
|  |  |
|  | Robert M. Foote (IL Bar No. 03124325) |
|  | FOOTE, MIELKE, CHAVEZ |
|  | & O'NEIL, LLC |
|  | 10 West State Street, Suite 200 |
|  | Geneva, IL  60134 |
|  | (630) 232-7450 |
|  |  |
|  | *Attorneys for all of the* Ray *Plaintiffs* |

    and

Robert A. O'Hare Jr. (New York Bar No. 2601359)
Andrew C. Levitt (New York Bar No. 2734465)
O'HARE PARNAGIAN LLP
82 Wall Street, Suite 300
New York, NY  10005
(212) 425-1401

*Co-Counsel for Plaintiffs Anthony Behette; Harley DiNardo; Ester DiNardo; Pio DiNardo; Andrew Economos, Individually; Andrew Economos, as Co-Executor of the Estate of Leon Economos; Olga Valinotti, Individually; Olga Valinotti, as Co-Executor of the Estate of Leon Economos; Constance Finnicum; George Gabrielle a/k/a Gabe Gabrielle; Mary Ellen Murach, Individually; Mary Ellen Murach, as Executor of the Estate of Edward John Murach; Richard J. Murach; and Katharine Tynion*