**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001   :
:
:
:           **1:03 MDL 1570 (GBD)(SN)**
:
:
-----------------------------------------------------------------X

This Document Relates to
<u>*Ray, et al. v. Iran, et al.*</u>
**1:19-cv-00012 (GBD)(SN)**
**Plaintiff Estates of:**
**Denease Conley**
**Francesco "Frank" Garfi**
**Patrick McGuire**
**Rocco Medaglia**

### MEMORANDUM OF LAW IN SUPPORT OF
### APPLICATION FOR ENTRY OF COMPENSATORY DAMAGES
### PARTIAL FINAL JUDGMENTS FOR FOUR DECEDENT ESTATES

Plaintiffs hereby submit this Memorandum of Law in Support of their Application for economic compensatory damages awards for four *Ray* Plaintiffs, each of which is the estate of a person killed in the 9/11 terrorist attacks, specifically, the Plaintiff Estates of Denease Conley, Francesco "Frank" Garfi, Patrick McGuire, and Rocco Medaglia.

This Application was expressly authorized by this Court's Order dated February 19, 2020, entering Partial Final Default Judgments to these four Estate Plaintiffs, among others, against the Defendant Islamic Republic of Iran, among others.

The factual background, the history of the related cases, the procedural history of the *Ray* case at bar, and the factual and legal bases for the February 19, 2020 Partial Final Default Judgment in this case is set forth in Plaintiffs' Memorandum In Support of Motion for Partial Final Default Judgment, filed February 14, 2020, *Ray* Doc. No. 218. All of these grounds are fully applicable here as well and are incorporated herein by reference.

The Court, in the February 19, 2020 Partial Final Judgment, expressly authorized this Application by these Estates for economic damages, supported by expert reports. These expert reports for each of the four Estates, each with a Summary of Losses, are being filed contemporaneously herewith under seal.

At the time of the above-referenced Motion for Partial Final Judgment, a fifth 9/11 Decedent Estate was listed thereon, specifically, the Estate of Lee Alan Adler. MDL ECF 5985 p. 12. However, the Estate of Lee Alan Adler is not represented by the undersigned attorneys. (The undersigned attorneys do represent Alice Doerge Adler in her own right as surviving Spouse of the 9/11 Decedent Lee Alan Adler, but not in her capacity as the Personal Representative of the Estate of Lee Alan Adler; we have communicated with the counsel who does represent her in her capacity as Personal Representative of the Estate to ensure no duplication.) Because we do not represent the Estate, we do not apply herein for any compensatory economic loss damages on its behalf, and our representation of that Estate in Ray is to be withdrawn. The $2 million award for pain-and-suffering damages for the Estate of Lee Alan Adler in the Ray case may, for that reason, be vacated as duplicative of a similar award in *Burnett, et al. v. Iran, et al*.

Finally, this Court ordered the *Ray* Plaintiffs to address, when filing for default judgment on behalf of any of the parties added to this case by virtue of the Second Amended Complaint, whether said Second Amended Complaint relates back to the date of the filing of the original Complaint. *See Ray* Doc. No. 138 at p. 2. One of the Estate Applicants herein, the Plaintiff Estate of Francesco "Frank" Garfi, was so added by virtue of the Second Amended Complaint. Plaintiffs hereby withdraw their request that the Second Amended Complaint be deemed to relate back to the date of filing of the original Complaint in this case, mooting the question raised in the Court's prior order.

In light of the above, the four *Ray* Estate Plaintiffs respectfully request entry of Partial

2

Final Judgment with awards of compensatory economic damages in the amounts demonstrated in the expert report submissions filed contemporaneously herewith, and that such Partial Final Judgments be entered in their favor and against the Defendant Islamic Republic of Iran. Finally, the four Estate Plaintiffs reserve the issue of punitive damages for future decision consistent with the Court's other rulings in this MDL and, further, submit that the remaining claims of all non moving Plaintiffs in *Ray* be held open for further proceedings in this case.

A proposed form of judgment consistent with the Court's prior holdings in this MDL is filed contemporaneously herewith.

Respectfully submitted,

Date: September 11, 2024                            _____/s/_____

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
2202 18th Street, NW, #110
Washington, DC 20009-1813
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D) *(Lead Counsel)*
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
3905 Vincennes Road #303
Indianapolis, IN 46268
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325) FOOTE, MIELKE, CHAVEZ
& O'NEIL, LLC
10 West State Street, Suite 200
 Geneva, IL 60134
(630) 232-7450

*Attorneys for Ray Plaintiffs*
*Estate of Denease Conley*
*Estate of Francesco Garfi*
*Estate of Rocco Medaglia*
*Estate of Patrick Maguire*