UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :    MOTION TO PERMIT ATTACHMENT AND EXECUTION PURSUANT TO 28 U.S.C. § 1610(c)

: 

: 03 MDL 1570 (GBD) (FM)

:
------------------------------------------------------------------x

This Document Relates to
*Ray, et al. v. Islamic Republic of Iran, et al.*
1:19-cv-00012 (GBD)(SN)

The *Ray* Plaintiffs, through counsel, hereby respectfully submit this Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) on approximately 127,271 Bitcoin, and all proceeds traceable thereto (the "Bitcoin Assets"), and in support thereof, aver the following:

1. The *Ray* Plaintiffs have a valid, unsatisfied judgment against Defendant the Islamic Republic of Iran ("Iran").

2. Defendant Iran has received sufficient notice of the *Ray* judgment and a reasonable period of time has passed.

3. The Bitcoin Assets are assets of an agency or instrumentality of Iran, formerly belonging to Judgment Debtors of the *Ray* Creditors and currently held by the U.S. Government.

4. The Bitcoin Assets are currently the subject of a forfeiture proceeding pending in the Eastern District of New York pursuant to Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions in the Federal Rules of Civil Procedure.

5. The *Ray* Plaintiffs seek specific Court approval to attach and execute on the Bitcoin Assets that were formerly property of the Iran and China Investment Development Group ("Iran-China Group").

6. The Iran-China Group, doing business on the blockchain as "Lubian.com" or "LuBian," is an agency or instrumentality of Iran that has materially supported that country's efforts to evade Western sanctions by mining cryptocurrency in Iran. Through this scheme, Iran converts sanctioned Iranian oil and gas into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems. LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade U.S. Sanctions.

7. The *Ray* Plaintiffs have the right to attach and execute on the property of Judgement Debtor Iran and its agencies and instrumentalities, including the Iran-China Group.

8. Accordingly, the *Ray* Plaintiffs hereby seek to assert their superior interest in the Bitcoin Assets, or at least so much as may ultimately be necessary to satisfy the outstanding compensatory damages, plus post-judgment interest, on their judgments, which TRIA makes senior to any interest that the government or other claimants could assert.

9. An order of partial final judgment was entered on February 19, 2020 on behalf of the *Ray* Plaintiffs against Defendant Iran (*Ray* Doc. No. 221).

10. Two *Ray* Judgment Creditors, Constance Finnicum and George Gabrielle a/k/a Gabe Gabrielle, had their judgments against Iran entered in a previous case by prior counsel in *Ashton, et al. v. al Qaeda Islamic Army, et al*. Current counsel for these two Judgment Creditors is in the process of seeking a transfer of these final enforceable judgments

from *Ashton* into the *Ray* case via motion to be filed in the *In Re Terrorist Attacks on September 11, 2001* MDL.

11. On March 4, 2020, the *Ray* Plaintiffs moved this Court for permission to proceed directly to service on Iran through diplomatic means. (*Ray* Doc. No. 222). Plaintiffs' motion was granted on March 6, 2020. (*Ray* Doc. No. 223).

12. The *Ray* Plaintiffs were granted permission to proceed directly to diplomatic service through the State Department pursuant to 28 U.S.C. § 1608(a)(4) in light of Iran's certain refusal to accept service of the partial final judgment in this matter via direct mail under 28 U.S.C. § 1608(a)(3).

13. Service exclusively through diplomatic channels was sufficient and appropriate for giving Iran notice of the *Ray* Plaintiffs' final judgment.

14. The *Ray* Plaintiffs delivered to the SDNY Clerk's Office the required final judgment documents to be transmitted to the United States Department of State by the SDNY Clerk's Office.

15. On March 9, 2020, the SDNY Clerk of Court docketed a Certificate of Mailing of the *Ray* Plaintiffs' partial final judgment to H.E. Mohammad Javad Zarif at the Ministry of Foreign Affairs of the Islamic Republic of Iran, Imam Khomeini Avenue, Tehran, Iran. (*Ray* Doc. No. 223). See also, Letter and cashiers' check from the SDNY Clerk to the Director of Consular Services at the U.S. State Department, dated March 9, 2020, attached hereto as **Exhibit A**.

16. On August 16, 2020, the *Ray* judgment was delivered to the Iranian Foreign Minister with the assistance of the Foreign Interests Section of the Embassy of Switzerland in

Tehran.  See letter from the State Department, with attached "diplomatic notes" confirming service, dated September 15, 2020, attached hereto as **Exhibit B**.

17.   The corresponding return of the diplomatic notes to the Clerk's Office was recorded as a Clerk's Certificate of Mailing filed on the *Ray* docket on September 29, 2020 (*no docket number*), attached hereto as **Exhibit C**.

18.   The FSIA service methods described at 28 U.S.C. § 1608(a)(1) and (a)(2) were not applicable in this matter.  This Court's Order, dated March 6, 2020 (*Ray* Docket No. 223), permitted the *Ray* Plaintiffs to bypass the futile direct mail step of 28 U.S.C. § 1608(a)(3) and proceed directly to diplomatic service through the State Department.

19.   The documents thusly served upon Iran were as follows:

    (1)   Cover Letter to Mohammad Javad Zarif, Foreign Minister of the Islamic Republic of Iran;

    (2)   U.S. District Court for the Southern District of New York Clerk's Certificate of Default, dated February 12, 2020 (*Ray* Doc. No. 209);

    (3)   Order of Partial Final Default Judgment entered by the Honorable George B. Daniels on February 19, 2020 (*Ray* Doc. No. 221);

    (4)   Notice of Default Judgment prepared in accordance with 22 CFR § 93.2;

    (5)   Text of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.*;

    (6)   Right to Appeal Notice; and,

    (7)   Right to Appeal Form.

20.   The *Ray* Plaintiffs provided three copies of each of these documents, in both English and Farsi (one copy for the SDNY; one copy for the U.S. State Department, and one

copy to be served). Also enclosed was a pre-paid Federal Express waybill and envelope addressed to the U.S. State Department and a cashier's check in the amount of $2,275 made payable to "U.S. Embassy Bern."

21. Plaintiffs further provided original, notarized Affidavits of Translators for each of the above-listed documents, in accordance with Page 12 of the U.S. District Court for the Southern District of N.Y. Clerk's Office Foreign Mailing Instructions, and which comports with the requirements with N.Y. CVP. LAW § 2101(b).

22. On September 20, 2024, certain *Ray* Plaintiffs were awarded additional economic damages. See Order Granting Partial Final Default Judgment (*Ray* Doc. No. 332).

23. On October 24, 2024, upon request of the *Ray* Plaintiffs, the SDNY Clerk dispatched the supplemental economic damages award and supporting documents to Defendant Iran via diplomatic channels of the State Department (*Ray* Doc. No. 334).

24. On May 19, 2025, the *Ray* supplemental economic judgment was delivered to the Iranian Foreign Minister, again with the assistance of the Foreign Interests Section of the Embassy of Switzerland in Tehran. See letter from the State Department, with attached "diplomatic notes" confirming service, dated June 24, 2025, attached hereto as **Exhibit D**.

25. The SDNY Clerk docketed a Certificate of Mailing Received for the *Ray* supplemental economic damages on July 2, 2025. (*Ray* Doc. No. 345).

26. Iran has never voluntarily paid any part of the *Ray* judgment, or any judgment entered as a result of Iran's continued state sponsorship of terrorism around the world.

27. The *Ray* Plaintiffs' Partial Final Default Judgment was issued by this Court over five and a half (5½) years ago and served on the Iranian Defendants more than five (5) years ago.

28. The *Ray* Plaintiffs respectfully submit to the Court that, when applying the applicable law to the circumstances presented here, Plaintiffs should be permitted to initiate an enforcement action against the Bitcoin Assets. More than five (5) years have passed since Iran was served with notice of the *Ray* judgment.

29. More than a reasonable amount of time has passed since the *Ray* Plaintiffs' judgment was entered and since Iran was served with that judgment.

30. Because the *Ray* Plaintiffs have served Iran in conformity with FSIA Section 1608, and because more than a reasonable time has now passed since Iran was served, this Court should enter an Order pursuant to FSIA Section 1610(c) permitting the *Ray* Plaintiffs to commence execution proceedings against the Bitcoin Assets.

**WHEREFORE,** the *Ray* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Ray* Plaintiffs' Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) on some or all of the Bitcoin Assets currently held by the U.S. Government, and all proceeds traceable thereto.

January 20, 2026

Respectfully submitted,

/s/ *Timothy B. Fleming*
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, PLLC
2202 18th Street, NW, #110
Washington, DC  20009-1813
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, LLC   (*Lead Counsel*)
The Kress Building

301 19th Street North
Birmingham, AL  35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
951 N. Delaware St.
Indianapolis, IN.  46202
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Meilke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

***Attorneys for the* Ray *Plaintiffs***